UNITED STATES *v.* MORRISON

No. 75–1534.   Decided October 12, 1976

PER CURIAM.

On September 27, 1972, a car driven by respondent was stopped by Border Patrol agents at the permanent immigration traffic checkpoint near Truth or Consequences, N. M. An agent detected the odor of marihuana; the car was then searched, disclosing a large quantity of marihuana.

Respondent was charged with possessing marihuana with intent to distribute in violation of 21 U. S. C. § 841 (a)(1). He filed a pretrial motion to suppress the marihuana on

1

the ground that the search of his car violated the Fourth Amendment. He waived his right to a jury trial. The motion to suppress was heard during the trial on the merits, and the District Court denied the motion to suppress and found the respondent guilty as charged.

Approximately three months later, we held that a warrantless roving patrol search of vehicles for aliens, conducted without probable cause at a point removed from the border or its functional equivalent, violated the Fourth Amendment. *Almeida-Sanchez* v. *United States,* 413 U. S. 266 (1973). The Court of Appeals for the Tenth Circuit thereafter held that *Almeida-Sanchez* should be applied retroactively and that its rationale encompasses searches conducted at fixed traffic checkpoints. *United States* v. *King,* 485 F. 2d 353 (1973); *United States* v. *Maddox,* 485 F. 2d 361 (1973).

Respondent's original motion to suppress was then reconsidered by the District Court [1] in the light of *King, supra,* and *Maddox, supra,* and the following order was entered:

"[I]t is hereby

"ORDERED that the marihuana which is the subject matter of the charge herein shall be and is hereby suppressed.

"The Court will take appropriate action consistent with this Order if this Order is not appealed by the United States of America or if this Order is affirmed on appeal."

Thereupon the Government appealed pursuant to 18 U. S. C. § 3731.[2] While this appeal was pending in the

---

[1] At that time, this case was still pending before the court for sentencing.

[2] The Criminal Appeals Act provides in pertinent part:

"In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution."

Court of Appeals, we held in *Bowen* v. *United States,* 422 U. S. 916 (1975); *United States* v. *Peltier,* 422 U. S. 531 (1975), that *Almeida-Sanchez* was not to be applied retro-actively to Border Patrol searches conducted prior to June 21, 1973. After the Government moved for summary reversal of the District Court's suppression order, the Court of Appeals, without benefit of briefing or oral argument, dismissed the Government's appeal for lack of jurisdiction, finding that double jeopardy would bar a retrial. The court, citing *United States* v. *Jenkins,* 420 U. S. 358 (1975), felt that double jeopardy would bar because further proceedings involving "the resolution of factual issues going to the elements of the offense charged . . ." would be required.

We cannot agree. In *United States* v. *Wilson,* 420 U. S. 332 (1975), we held:

"[W]hen a judge rules in favor of the defendant after a verdict of guilty has been entered by the trier of fact, the Government may appeal from that ruling without running afoul of the Double Jeopardy Clause." *Id.,* at 352–353.

The holding in *Wilson* applies to the bench trial here, for, as we stated in *United States* v. *Jenkins, supra:*

"Since the Double Jeopardy Clause of the Fifth Amendment nowhere distinguishes between bench and jury trials, the principles given expression through that Clause apply to cases tried to a judge. . . .

"A general finding of guilt by a judge may be analogized to a verdict of 'guilty' returned by a jury." 420 U. S., at 365–366.

Thus the District Court's general finding of guilt here is for double jeopardy purposes the same as a jury verdict of guilty. The Government is therefore entitled to appeal the order suppressing the evidence, since success on that appeal would result in the reinstatement of the general finding of guilt, rather than in further factual proceedings relating to

guilt or innocence. As in *Wilson,* there would then remain only the imposition of sentence and the entry of a judgment of conviction pursuant to Fed. Rule Crim. Proc. 32.

We grant the petition for certiorari, vacate the judgment of the Court of Appeals, and remand for further proceedings consistent with this opinion.

*It is so ordered.*