**Richard Austin GREENE,**
**Petitioner-Appellant,**

v.

**Raymond D. MASSEY, Superintendent,**
**Union Correctional Institution,**
**Respondent-Appellee.**

**No. 76–1719.**

United States Court of Appeals,
Fifth Circuit.

Jan. 26, 1977.

John T. Chandler, Fla. Legal Services, Inc., Prison Project, Gainesville Fla., for petitioner-appellant.

Harry M. Hipler, Asst. Atty. Gen., West Palm Beach, Fla., Robert L. Shevin, Atty. Gen., Tallahassee, Fla., for respondent-appellee.

Before BROWN, Chief Judge, and TUTTLE and TJOFLAT, Circuit Judges.

JOHN R. BROWN, Chief Judge:

Richard Austin Greene (Petitioner) appeals from denial of a writ of habeas corpus. In the initial 1965 Florida state jury trial, Petitioner along with Joseph Manuel Sosa was found guilty of first degree murder. During that proceeding, counsel for Petitioner made, among other motions, a motion for acquittal and a motion for new trial. Both were denied and the death sentence was imposed on both Petitioner and Sosa. Subsequently, on November 5, 1968, the Florida Supreme Court reversed that conviction. In its per curiam decision, the Florida Supreme Court concluded that

> [A]fter a careful review of the voluminous evidence here we are of the view that the evidence was definitely lacking in establishing beyond a reasonable doubt that the defendants committed murder in the first degree, and that the interests of justice require a new trial. The judgments are accordingly reversed and remanded for a new trial. *Sosa v. State*, Fla., 1968, 215 So.2d 736, 737.

Because of this Circuit's consistent policy from our decision in *United States v. Musquiz*, 5 Cir., 1971, 445 F.2d 963, forward, the denial of the writ of habeas corpus based on a double jeopardy claim is affirmed.

### History Repeated—Or Almost So

On remand from the Florida Supreme Court's reversal, Petitioner obtained the transfer of his retrial to the Circuit Court of Orange County, Florida. However, Petitioner's request for a writ of prohibition based on the contention that his retrial for first degree murder would constitute double jeopardy was denied by the state trial court. The denial of this writ based on the

double jeopardy claim was affirmed by the Second District Court of Appeal.[1]

Upon retrial, Petitioner was again convicted of first degree murder, but this time with a recommendation for mercy. Consequently, Prisoner is now serving a life sentence. In an appeal to the Fourth District Court of Appeal in which Petitioner again urged the double jeopardy issue, his second conviction was affirmed.[2] Ultimately, a petition for a writ of certiorari which reiterated the double jeopardy claim was denied by the Supreme Court of the United States.[3]

Perhaps weary yet undaunted and asserting that the Double Jeopardy Clause[4] bars retrial once a conviction is reversed because of insufficient evidence, Petitioner sought a writ of habeas corpus from the federal court. In its February 1976 order, the District Court intimated that absent prior precedent from this Court it might have granted Petitioner's request. However, the District Court felt constrained by our decisions in a line of cases beginning with *United States v. Musquiz*, 5 Cir., 1971, 445 F.2d 963.[5]

### Twice No, Two Maybe

■ Only one outcome determinative issue is before this Court.[6] After a full-fledged jury trial in a state court where both a motion for acquittal and for a new trial are timely made, does the subsequent reversal of a conviction by a state appellate court because of insufficient evidence bar retrial of a person for the same offense a

1. *Sosa v. Maxwell*, 2 DCA Fla., 1970, 234 So.2d 690.

2. The Fourth District Court of Appeal determined that the ruling on the Second District Court of Appeal on the double jeopardy claim precluded their making a redetermination because of res judicata. *Sosa and Greene v. State*, 4 DCA Fla., 1974, 302 So.2d 202.

3. *Greene v. Florida*, 1975, 421 U.S. 932, 95 S.Ct. 1660, 44 L.Ed.2d 89.

4. The Fifth Amendment states ". . . nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; . . . ."

5. The District Court's order stated in part
   . . . . If this were a question of first impression in the Fifth Circuit, this Court might be inclined to grant the petition. Regardless of whether an appellate court or a trial jury makes the determination that the evidence is insufficient to sustain a finding of guilt as to a particular charge, and regardless of whether a petitioner moves for a new trial on other grounds in addition to asserting the ground of insufficiency of evidence, it would seem that the double jeopardy clause would preclude giving the prosecution a second chance. See *Green v. U. S.*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 76 (1957). However, as petitioner has conceded, this is not the law in the Fifth Circuit. See *U. S. v. Bass*, 490 F.2d 846 (5 Cir. 1974). R. 105–06.

6. Florida also contended in its supplemental brief and during oral argument that the *Stone v. Powell* principle governing habeas collateral relief enunciated in the Fourth Amendment exclusionary rule context extends to this case where Petitioner has had repeated considera-

tion of his double jeopardy claim by state courts. In responding to how the dissenters in *Stone v. Powell* characterized the Court's opinion ". . . as laying the groundwork for a 'drastic withdrawal of federal habeas jurisdiction, if not for all grounds . . . , then at least [for many] . . . '", the Supreme Court denoted the limited impact of its opinion.

"With all respect, the hyperbole of the dissenting opinion is misdirected. Our decision today is *not* concerned with the scope of the habeas corpus statute as authority for litigating constitutional claims generally. We do reaffirm that the exclusionary rule is a judicially created remedy rather than a personal constitutional right . . . and we emphasize the minimal utility of the rule when sought to be applied to Fourth Amendment claims in a habeas corpus proceeding. . . In sum, we hold only that a federal court need not apply the exclusionary rule on habeas review of a Fourth Amendment claim absent a showing that the state prisoner was denied an opportunity for a full and fair litigation of that claim at trial and on direct review. Our decision does not mean that the federal court lacks jurisdiction over such a claim, but only that the application of the rule is limited to cases in which there has been *both such a showing and a Fourth Amendment violation*." (Emphasis added). *Stone v. Powell*, 1976, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067, 1088 n.37.

In light of the limited scope of *Stone v. Powell*, it is not applicable to this appeal where the only question is a legal one—does double jeopardy apply to his case? Furthermore, it is a specifically proclaimed "personal constitutional right". See note 4 above.

second time?[7] In other words, does the double jeopardy principle encapsulated in the Fifth Amendment necessitate that Petitioner's second conviction for first degree murder be vacated?

Although on superficial examination of the Double Jeopardy Clause its meaning appears to be plain, judicial experience demonstrates the deceptively subtle mean-

ing of twice. For purposes of this appeal, the entire history of double jeopardy need not be considered because of the *Bryan-Sapir-Forman* trilogy[8] which this Circuit utilized to formulate the *Musquiz* principle.[9]

The Supreme Court decisions comprising this trilogy entail discussion of reversal on appeal of a *federal* conviction because of insufficient evidence.[10] For purposes of

---

**7.** Petitioner's argument is basically that had the trial court properly ruled on his motion for acquittal directing the jury to return a verdict of acquittal because of insufficient evidence, the State would not have been able to put Petitioner into jeopardy for a second time for the same offense. Consequently, when an appellate court reverses a conviction because of the trial court's error in not directing a verdict of acquittal for insufficient evidence, the same result, it is urged, necessarily follows.

No question exists about the inability of State or any prosecuting body to appeal a trial level verdict of not guilty or an acquittal. See *United States v. Wilson*, 1975, 420 U.S. 332, 341 n. 9, 95 S.Ct. 1013, 43 L.Ed.2d 232; *North Carolina v. Pearce*, 1969, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656; *Green v. United States*, 1957, 335 U.S. 184, 187–88, 78 S.Ct. 221, 2 L.Ed.2d 199. However, it is also clear that a person may in certain instances be retried. In the words of Mr. Justice Story in *United States v. Perez*, 1824, 9 Wheat, 579, 580, 6 L.Ed. 165, in an instance where a prosecution terminated in a mistrial,

"We are of the opinion, that the facts constitute no legal bar to a future trial. The prisoner has not been convicted or acquitted, and may again be put on his defense. We think, that in all cases of this nature, the law has invested courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated."

In its recent pronouncement in the double jeopardy area, the Supreme Court applied the *Perez* standard where a mistrial was declared because of a hung jury. *United States v. Sanford*, 1976, —— U.S. ——, 97 S.Ct. 20, 50 L.Ed.2d 17. Also, "[i]t is elementary in our law that a person can be tried a second time for an offense when his prior conviction for that same offense has been set aside by his appeal." *Forman v. United States*, 1960, 361 U.S. 416, 425, 80 S.Ct. 481, 486, 4 L.Ed.2d 412. Despite the "elementary" concept that one may be tried a second time for an offense, the application of that principle is not so easily accomplished. In similar fashion, the "necessarily follows" portion of Petitioner's argument is challengeable.

**8.** *Forman v. United States*, 1960, 361 U.S. 416, 80 S.Ct. 481, 4 L.Ed.2d 412; *Sapir v. United States*, 1955, 348 U.S. 373, 75 S.Ct. 422, 99 L.Ed. 426; *Bryan v. United States*, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335.

**9.** Even prior to this Court's decision in *Musquiz, supra,* the reversal for insufficient evidence practice of remanding for a new trial versus remanding with instructions to dismiss the indictment had been predicated on whether Prisoner had requested a new trial or not. See *United States v. Goodson*, 5 Cir. 1971, 439 F.2d 1056, 1059. Contra, *United States v. Johnson*, 5 Cir., 1970, 427 F.2d 957.

**10.** As indicated, *Bryan, supra,* directly discusses whether a remand instructing a new trial is appropriate rather than a remand directing dismissal of the indictment or similar action. In *Sapir, supra,* the per curiam opinion by the Supreme Court is rather unenlightening. However, in his concurring opinion Mr. Justice Douglas indicates that Sapir had only made a motion for acquittal. For that reason, reversal of a conviction by the Court of Appeals for insufficient evidence requires dismissal of the indictment. The concurring opinion continues "If petitioner had asked for a new trial, different considerations would come into play, for then the defendant opens the whole record for such disposition as might be just." *Sapir, supra* at 374, 75 S.Ct. at 423, 99 L.Ed. at 427. In *dicta* in *Forman,* both *Bryan* and *Sapir* are discussed. The Supreme Court concluded "[m]oreover, Sapir made no motion for a new trial in the District Court, while here petitioner filed such a motion. That was a decisive factor in Sapir's case." *Forman, supra* at 426, 80 S.Ct. at 487, 4 L.Ed.2d at 419. It is important to remember that *Forman* was an instance where the Court of Appeals reversed because of an improper jury instruction—not on insufficiency of the evidence. The evidence in *Forman* was sufficient. *Id.* at 424–26, 80 S.Ct. at 486, 4 L.Ed.2d at 418–19. Thus, the Supreme Court's affirmance of the reversal with a remand for a new trial in *Forman* is not inconsistent with the "distinguishing" criterion set forth in *Bryan* and *Sapir*.

this Petitioner's appeal from a *state* court conviction, it is important to recognize the framework of *Bryan-Sapir-Forman.* They arose in the context of the interplay between the Double Jeopardy Clause and the power of the Courts of Appeals under 28 U.S.C. § 2106 to affect a court's judgment, decree, or order brought appropriately before a Court of Appeals.[11] The ruling of the Supreme Court in *Bryan* is evident.

A new trial was one of the remedies which petitioner sought. He properly gave the District Court an opportunity after verdict to correct its error in failing to sustain his motion for judgment of acquittal at the conclusion of all the evidence, which claimed error was assigned as a ground for a new trial. We agree that on this record the order for a new trial was a just and appropriate judgment which the Court of Appeals was authorized to enter by 28 U.S.C. § 2106.

Petitioner's contention that to require him to stand trial again would be to place him twice in jeopardy is not persuasive. He sought and obtained the reversal of his conviction, assigning a number of alleged errors on appeal, including denial of his motion for judgment of acquittal. ". . . where the accused successfully seeks review of a conviction, there is no double jeopardy upon a new trial." *Francis v. Resweber,* 329 U.S. 459, 462 [67 S.Ct. 374, 91 L.Ed. 422]. See *Trono v. United States,* 199 U.S. 521, 533–34 [26 S.Ct. 121, 50 L.Ed. 292], *Bryan, supra,* at 560, 70 S.Ct. at 321, 94 L.Ed. at 342.

Furthermore, as this Court recognized in *Musquiz, supra* at 966, "[t]he distinction between *Bryan,* on the one hand, and *Forman* and *Sapir* on the other, seems to turn, under the present state of the law at least, on whether the defendant made a motion for a new trial in the district court." This distinction remains viable.[12]

---

11. 28 U.S.C. § 2106 states

The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances. June 25, 1948, c. 646, 62 Stat. 963.

12. In following our *Musquiz* practice, we are aware of the Supreme Court's recent pronouncements in the double jeopardy arena. In these recent decisions, the Supreme Court has clarified the ability of Government to appeal a Judge's ruling on a legal issue in favor of a defendant after a guilty verdict. In one, *United States v. Morrison,* 1976, ——— U.S. ———, 97 S.Ct. 24, 50 L.Ed.2d 1, the Supreme Court quoted from *United States v. Wilson,* 1975, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232,

"We therefore conclude that when a judge rules in favor of the defendant after a verdict of guilty has been entered by the trier of fact, the Government may appeal from that ruling without running afoul of the Double Jeopardy Clause. 420 U.S. at 352–353 [95 S.Ct. 1013, 1026]." *Morrison, supra* at ———, 97 S.Ct.at 26.

The Court's rationale in *Morrison* and *United States v. Rose* highlights an underlying concern of the double jeopardy principle. The appeal by Government, if successful, would result only in the reinstatement of the guilty verdict. No further proceedings relating to guilt or innocence would be required. *United States v. Morrison,* 1976, ——— U.S. ———, 97 S.Ct. 24, 50 L.Ed.2d 1, *United States v. Rose,* 1976, ——— U.S. ———, 97 S.Ct. 26, 50 L.Ed.2d 5. On the same day *Morrison* and *Rose* were decided, the Supreme Court ruled that Government may appeal a District Court's dismissal of an indictment which occurs after a hung jury mistrial but before a retrial. The reasoning was that *United States v. Perez,* 1824, 9 Wheat, 579, 580, 6 L.Ed. 165, permits a retrial when a mistrial occurs and based on *Serfass v. United States,* 1975, 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265, jeopardy had not attached because the retrial had not begun. *United States v. Sanford,* 1976, ——— U.S. ———, 97 S.Ct. 20, 50 L.Ed.2d 17.

Despite the importance placed by these decisions on the idea that the Double Jeopardy Clause is directed at the prevention of multiple prosecutions which includes new trials, their differences must be recognized. They entail discussion of appeals by Government from adverse legal determinations by a court. In Petitioner's instance, Florida does not appeal his conviction. Also, the clarification offered by these recent cases does not consider the *Bryan-Sapir-Forman* motion for new trial distinction. As a result, the additional scrutiny by the Supreme Court of instances when the Double Jeopardy Clause precludes appeals by Government does not move the procedure begun with *Bryan* and adopted by our *Musquiz* decision from the shadows of uncertainty into the sunlight of clarity. But *cf. United States v. Wiley,* 1975, 170 U.S.App.D.C. 382, 517 F.2d 1212, 1215–18.

As indicated, Petitioner through his counsel made both a motion for acquittal and a motion for a new trial while this case was before the state trial court. Since *Musquiz* the usual practice of this Circuit when reversing a conviction due to insufficient evidence has been to remand with directions for a new trial—*if* a motion for a new trial was made in the trial court. At Petitioner's first trial, one was made. Thus, the only remaining consideration is whether the Florida Supreme Court possessed the power to review judgments, decrees, or orders similar to the power possessed by this Court under 28 U.S.C. § 2106.[13]

■■■ That the Supreme Court of Florida has review power at least equal to that possessed by this Court under § 2106 is demonstrated by the recent decision of *Tibbs v. State of Florida,* Fla., 1976, 337 So.2d 788 [1976]. In *Tibbs,* the Supreme Court of Florida cited as its authority to review convictions for which the death sentence has been imposed, Fla.App.R. 6.16(b)[14] which speaks, as did the Supreme Court of Florida, in terms of the "interests of justice" without regard to the legal insufficiency of the evidence. In light of this power of review and this Court's practice when both a motion of acquittal and for a new trial have been made,[15] we affirm the District Court's denial of a writ of habeas corpus.[16]

If the Double Jeopardy Clause does not preclude such action by this Court exercis-

**13.** Previous decisions have considered whether the Double Jeopardy Clause applies to the states and have determined that it does. See *United States v. Wilson,* 1975, 420 U.S. 332, 339, 95 S.Ct. 1013, 43 L.Ed.2d 232; *Benton v. Maryland,* 1969, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707.

**14.** As enacted, Fla.App.R. 6.16(b) is a verbatim copy of F.S.A. § 924.32 which was repealed by Laws 1970, c. 70–339, § 180. This review provision grants the Florida Court the power to review the evidence "in the interest of justice" even if the convicted defendant does not make such a request. As the quotation of Fla.App.R. 6.16(b) below indicates, this is a mandated review for one sentenced to death.

    b. *Sufficiency of Evidence.* Upon an appeal by the defendant from the judgment the appellate court shall review the evidence to determine if it is insufficient to support the judgment where this is a ground of appeal. Upon an appeal from the judgment by a defendant who has been sentenced to death the appellate court shall review the *evidence to determine if the interests of justice require a new trial,* whether the insufficiency of the evidence is a ground of appeal or not. (Emphasis added).

**15.** See, e. g., *United States v. Carter,* 5 Cir., 1975, 516 F.2d 431, 436; *In Re Joyce,* 5 Cir., 1975, 506 F.2d 373, 379; *United States v. Bass,* 5 Cir., 1974, 490 F.2d 846, 852; *United States v. Peterson,* 5 Cir., 1974, 488 F.2d 645, 651; *United States v. Blake,* 5 Cir., 1974, 488 F.2d 101, 107; *United States v. Apollo,* 5 Cir., 1973, 476 F.2d 156, 158 n. 1; *United States v. Robinson,* 5 Cir., 1972, 468 F.2d 189, 194; *United States v. Restano,* 5 Cir., 1971, 449 F.2d 485, 488; *United States v. Musquiz,* 5 Cir., 1971, 445 F.2d 963.

**16.** It is important to recognize that the *Musquiz* rule is *not* a mandatory practice in all instances. The wording of § 2106 speaks in terms of " . . . such further proceedings to be had as may be *just* under the circumstances." (Emphasis added). Under this § 2106 standard, we have recognized that a new trial may not be warranted when the prosecution had an opportunity to fully develop its case and failed to do so or when the prosecution did fully develop its case. See *United States v. Peterson,* 5 Cir., 1974, 488 F.2d 645, n. 14.

    In a line of pre-*Musquiz* opinions, some of which indicate apparent awareness of the distinction between making both a motion for acquittal and for a new trial, some which do not, and others which do not reveal whether both motions were made, see, e. g., *United States v. Arendale,* 5 Cir., 1971, 444 F.2d 1260, 1269–70; *Watkins v. United States,* 5 Cir., 1969, 409 F.2d 1382, 1386; *Montoya v. United States,* 5 Cir., 1968, 402 F.2d 847, 850; *Newsom v. United States,* 5 Cir., 1962, 311 F.2d 74; *Hamilton v. United States,* 5 Cir., 1962, 304 F.2d 542; *Ackerman v. United States,* 5 Cir., 1961, 293 F.2d 445, 448; *Riggs v. United States,* 5 Cir., 1960, 280 F.2d 949, 955; *Guevara v. United States,* 5 Cir., 1957, 242 F.2d 745, 747, this Court has reversed for insufficient evidence and remanded for a presentation by Government to the trial court that it possesses sufficient additional evidence to carry its burden. If so, a new trial was considered appropriate. If not, a verdict of acquittal or similar action would have been proper. Despite our prior, pre-*Musquiz* vacillation, *United States v. Bass,* 5 Cir., 1974, 490 F.2d 846, 852–53, demonstrates our present adherence to *Musquiz* and that the *Musquiz* rule is not inflexible. The malleability of this Court's reversal and remand order is governed by the "just" factor of 28 U.S.C. § 2106 in conjunction with the Double Jeopardy Clause.

ing its § 2106 powers, it likewise does not prevent similar action by a state court exercising analogous powers.[17]

AFFIRMED.

---

Likewise, Fla.App.R. 6.16(b) and its predecessor F.S.A. § 924.32 require the Florida Court to ". . . determine if the interests of justice require a new trial . . .." Also, F.S.A. § 924.36, repealed by Laws 1970, c. 70–339, § 180, provided that "[w]hen the judgment is reversed, the appellate court shall either order that the defendant be discharged from the cause, or, if it thinks proper, grant a new trial." At the time of its review of Petitioner's first conviction in 1968, the Florida Supreme Court possessed power at least as great as that held by this Court under 28 U.S.C. § 2106. As such, the Florida Supreme Court's reversal and remand order is constrained by the relevant Florida statutes in conjunction with the Double Jeopardy Clause. The degree of pliability of the order under the "interests of justice" or "thinks proper" factors is not directly in question in this case—the ordering of a new trial is within the boundaries set by these factors.

**17.** As intimated above in note 16, this case is decided on the basis of the similarity between the Florida Supreme Court's review powers and its review of Petitioner's case to this Court's *Musquiz* procedure from the trial level context of both a motion for acquittal and for a new trial. Recognizing that, in a state case where there has been the equivalent of a motion for directed judgment of acquittal accompanied by a motion for new trial on that ground or others, the use of Fla.App.R. 6.16(b)'s "interests of justice" as the court "thinks proper" might amount to an impermissible state attempt to circumvent the Fifth Amendment's double jeopardy protections, we do not intimate nor do we consider whether or to what degree variances in Florida's "interests of justice" or "thinks proper" standards may require a different outcome in *another* case. It is sufficient for disposition of this case that *Petitioner's* Fifth Amendment protections have not been violated by the Florida Court's statutorily required review and its subsequent order of a new trial.