**Delbert L. TIBBS, Petitioner,**

v.

**STATE OF FLORIDA, Respondent.**

**No. 77–5 Cr. Ft. M–H.**

United States District Court,
M. D. Florida,
Fort Myers Division.

June 17, 1977.

**1046**

Jerry Paul, Durham, N.C., for petitioner.

Xavier J. Fernandez, Asst. State Atty., Fort Myers, Fla., for respondent.

## ORDER

KRENTZMAN, District Judge.

This is a criminal action removed to this Court from state circuit court in Lee County, Florida. The Court has for consideration several motions filed by petitioner, Delbert Tibbs, and respondent, State of Florida.

By order dated May 17, 1977 the Court directed respondent to file a copy of the state court record with the Clerk of this Court within 10 days. On June 3, 1977 the respondent requested an extension of time in which to file the state record. Since the state court record has been filed, the motion for extension of time is hereby GRANTED *nunc pro tunc.*

On May 31, 1977 the petitioner filed a motion requesting that the Court order respondent to serve upon petitioner a copy of the state court record filed with the Clerk of this Court. As noted above, the state has filed a copy of the state court record. The record filed by respondent is primarily the same record considered on appeal by the Florida Supreme Court and was obtained directly from the clerk of that court. The only portion of the record not obtained from the Florida Supreme Court is a transcript of post-appeal hearing held in April, 1977 in circuit court in Lee County. Under these circumstances the Court is satisfied that the record filed by respondent is complete and to cause respondent to serve an additional copy of the record upon petitioner would result in respondent incurring unnecessary expenses. The record is on file with the Clerk of this Court and is available for viewing by petitioner and his counsel. In addition, it is likely that petitioner received a copy of the same record in preparation of his appeal to the Florida Supreme Court (except, of course, for the transcript of post-appeal hearing). Accordingly, petitioner's motion is hereby DENIED.

The Court also has for consideration a motion to remand this action to state court filed by the respondent, state of Florida.

Petitioner was indicted for murder and rape on March 27, 1974. Thereafter, he was tried and convicted by a jury of those charges, and sentenced to life imprisonment and death. Pursuant to Fla.Stat. § 921.141 petitioner appealed his conviction directly to the Florida Supreme Court where is was reversed and remanded for a new trial. *See Tibbs v. State of Florida,* 337 So.2d 788 (Fla.1976). The Supreme Court based its decision on a finding that there was insufficient evidence in the trial record to establish petitioner's guilt beyond a reasonable doubt. Upon remand the case was rescheduled for trial on May 31, 1977. There was pending a motion to dismiss this action before the state court judge before this case was removed to this Court on April 12, 1977.

█ Petitioner seeks to remove this case pursuant to 28 U.S.C. § 1443(1). To properly remove a criminal action under § 1443(1) petitioner must allege and prove that 1) he is being prosecuted by the state because of his attempt to exercise a right guaranteed him by a federal statute which provides for equal rights for all citizens, and 2) he cannot enforce the abridged right in the state courts. *Johnson v. Mississippi,* 421 U.S. 213, 95 S.Ct. 1591, 1595, 44 L.Ed.2d 121 (1975).

In his original petition Tibbs alleges in a conclusory fashion that the state appellate court altered procedural rules to deny his rights guaranteed under the Civil Rights Act of 1866, that the state excludes Blacks from jury service in violation of petitioner's rights under the fourteenth amendment and the Civil Rights Acts of 1866 and 1964, and that he is being prosecuted because of his attempt to exercise his right to obtain service at places of public accommodations under the Civil Rights Act of 1964, 42 U.S.C. § 2000a. In order to more clearly delineate the basis for removal, the Court directed petitioner to amend his petition setting forth with specificity the alleged federal statutory right which he was attempting to exercise when the state prosecution was instituted. Petitioner has filed a motion to amend his petition stating that he is seeking removal based upon state infringement of his rights under 42 U.S.C. § 2000a. Petitioner contends that he was arrested and prosecuted because of his attempt, as a Black person, to utilize places of public accommodation under 42 U.S.C. § 2000a.

■ Petitioner's allegations are broad and not supported by specific facts. Even assuming that petitioner has sufficiently alleged a deprivation of a constitutional or statutory right to invoke the removal statute, petitioner has not satisfied the second prong of the removal test. Petitioner has not demonstrated that he cannot enforce his right in state court. To the contrary, the materials on file and the published opinion of the Florida Supreme Court in *Tibbs v. State of Florida,* 337 So.2d 788 (Fla.1976), indicate that the state supreme court has been sensitive to petitioner's rights and has already granted him substantial relief.

■ Petitioner's complaint that the state Supreme Court altered its procedural rules to deprive him of equal rights is unfounded. The supreme court reversed petitioner's conviction on the ground that there was insufficient evidence in the trial record to sustain a conviction. Petitioner contends that the appellate court should have simply reversed his conviction rather than remanding him for a new trial. A review of the state court record reveals that after the jury returned its verdict petitioner made a motion for a new trial. Since a new trial was one of the remedies petitioner sought, the Florida Supreme Court could properly remand petitioner for new trial despite its finding that there was insufficient evidence in the record of petitioner's first trial to sustain his conviction. *Greene v. Massey,* 546 F.2d 51 (5th Cir. 1977). Therefore, the Court finds that petitioner has failed to sustain his burden of demonstrating that the state courts have been insensitive to the rights he alleges have been violated and this action should be remanded to state court. Accordingly, it is

ORDERED:

1. Respondent's motion for remand is hereby GRANTED.

2. This action is hereby remanded to state court of the Twentieth Judicial Circuit in and for Lee County, Florida.

3. The Clerk of the Court is directed to mail a certified copy of this order to the Clerk of Court, Twentieth Judicial Circuit, Lee County, Florida.