STATE

v.

Alfred J. VELTRI.

No. 99–453–M.P.

Supreme Court of Rhode Island.

Jan. 11, 2001.

**164** ◼

Aaron L. Weisman, Providence, for Plaintiff.

Gregory J. Acciardo, for Defendant.

Present WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

After convicting a defendant of driving while intoxicated, should a Superior Court trial justice have granted the defendant's motion for a new trial, overturned his conviction, and then dismissed the charges against him on the grounds that, after his arrest, the police had failed to provide him with a free telephone call? No, we hold, absent any evidence that the defendant had suffered substantial and irremediable prejudice as a result.

1. Rule 33 of the Superior Court Rules of Criminal Procedure provides in pertinent part that:
   "The court on motion of a defendant may grant a new trial to the defendant if re-

After convicting defendant, Alfred J. Veltri (Veltri or defendant), of one count of driving while intoxicated, the Superior Court vacated the verdict and dismissed the charges when defendant moved for a new trial on the grounds that, after his arrest, the police had failed to provide him with access to a free telephone call. The state petitioned this Court for certiorari, seeking to vacate this dismissal and reinstate Veltri's conviction. For the reasons propounded below, we conclude that the trial justice erred when he granted the new trial motion and then inappropriately vacated the conviction and dismissed the charges. Therefore, we direct the Superior Court to reinstate Veltri's conviction on remand.

On August 16, 1998, the state police arrested defendant and charged him with violating G.L.1956 § 31–27–2 for driving while intoxicated on Route 95 north in the town of Exeter (count 1). They also charged him with driving on a suspended license (count 2). The District Court convicted him on count 1 but not on count 2. The defendant then appealed to the Superior Court for a trial de novo.

Although the state has not provided us with a transcript of the Superior Court's nonjury trial, the trial justice in his decision reviewed the evidence and noted that defendant had failed certain field sobriety tests after two state troopers had stopped him for erratic driving. Finding the prosecution's witnesses credible and determining that the state had proven its case beyond a reasonable doubt, the trial justice entered a guilty verdict on May 25, 1999. On June 2, 1999, defendant filed a motion for a new trial, which the court heard that same day. The defendant stated that although he had requested a new trial pursuant to Rule 33 of the Superior Court Rules of Criminal Procedure,[1] he was now asking for the verdict to be vacated based upon *State v. Carcieri*, 730 A.2d 11 (R.I.

quired in the interest of justice, except that a new trial may not be granted for error of law occurring at the trial. If trial was by the court without a jury the court on motion of a defendant for a new trial may vacate the

1999). This Court decided *Carcieri* one week before defendant's trial began. There, we stated that, under G.L.1956 § 12-7-20, a suspect is entitled to a free confidential telephone call to contact an attorney or to arrange for bail. *Carcieri*, 730 A.2d at 14-15. Here, although the police informed defendant that he had the right to call an attorney, they directed him to a pay telephone. The defendant did not have any change and he did not wish to make a collect call or to use a calling card from that telephone. As a result, he did not use any telephone to contact an attorney.

▆▆▆ Although the state argued that there was no showing of any prejudice to

> judgment if entered, take additional testimony and direct the entry of a new judgment."

**2.** The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution does not bar the state from seeking to reinstate defendant's conviction in this case. The United States Supreme Court held in *United States v. Scott*, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978), that "[a] judgment of acquittal, whether based on a jury verdict of not guilty or on a ruling by the court that the evidence is insufficient to convict, may not be appealed and terminates the prosecution when a second trial would be necessitated by a reversal." *Id.* at 91, 98 S.Ct. at 2194, 57 L.Ed.2d at 74. Yet the Court went on to elucidate that "a defendant is acquitted only when 'the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged.'" *Id.* at 97, 98 S.Ct. at 2197, 57 L.Ed.2d at 78 (quoting *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 97 S.Ct. 1349, 1355, 51 L.Ed.2d 642, 651 (1977)). "Where the court, before the jury returns a verdict, enters a judgment of acquittal * * * appeal will be barred only when 'it is plain that the [court] * * * evaluated the [state's] evidence and determined that it was legally insufficient to sustain a conviction.'" *Id.* In this case, when the trial justice erroneously dismissed the charges—after he had already convicted defendant on the evidence presented at trial—based upon the failure of the police to provide defendant with a free telephone call after his arrest, the dismissal did not "represent[ ] a resolution [in the defendant's favor], correct or not, of some or all of

defendant, and that, therefore, dismissal was an inappropriate sanction, the trial justice nevertheless granted defendant's new-trial motion and then, inexplicably, he also agreed to dismiss the charges, thereby precluding any retrial.[2] He found that "the right to have a phone call free of charge" was "a threshold issue." He also noted that Rule 33 provides that "[i]f trial was by the court without a jury the court on motion of a defendant for a new trial may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment." He continued:

> "I'm not going to take any additional testimony. I'm going to vacate the

the factual elements of the offense charged." *Id.* Nor did the dismissal reflect a determination by the trial justice that the state's evidence "was legally insufficient to sustain a conviction." *Id.* On the contrary, the trial justice already had convicted defendant based upon the evidence presented. "[A] defendant who has been released by a court for reasons required by the Constitution or laws, but which are unrelated to factual guilt or innocence, has not been determined to be innocent in any sense of that word, absolute or otherwise." *Id.* at 98 n. 10, 98 S.Ct. at 2197 n. 10, 57 L.Ed.2d at 78 n.10. Here the court erroneously dismissed the charges against defendant based upon the failure of the police to provide him with a free telephone. But this dismissal was "unrelated to [defendant's] formal guilt or innocence." Thus, double-jeopardy considerations did not bar the state from seeking to reinstate defendant's conviction, nor do they preclude us from doing so. *Id.* See also *Lee v. United States*, 432 U.S. 23, 97 S.Ct. 2141, 53 L.Ed.2d 80 (1977) (holding that, when a trial judge had granted a motion to dismiss for failure to allege specific intent, even though guilt had been proven beyond a reasonable doubt, double jeopardy did not prevent a retrial under new indictment because the dismissal was functionally equivalent to a mistrial granted at defendant's request); *United States v. Morrison*, 429 U.S. 1, 97 S.Ct. 24, 50 L.Ed.2d 1 (1976) (holding that double jeopardy did not bar reversal of the lower court because no new trial was required); *United States v. Wilson*, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975) (holding that double jeopardy did not bar the government's appeal from a post-verdict ruling of the trial court favorable to the defendant because no retrial was required).

judgment in this case and based upon the fact that, inadvertent as it was, maybe a misunderstanding of the law— because the Supreme Court had not yet told us what the law is—by the State Police, the fact they may have misunderstood the law, did not know the law. Quite frankly, they would have been guessing at the law until [the Court] came out with this Decision. I'm compelled and constrained to dismiss this case."

On June 3, 1999, the state filed a motion for reconsideration, arguing that Rule 33 did not authorize the trial justice to grant a motion for new trial and then dismiss the case for the failure of the police to provide defendant with a free telephone call. The court denied the motion. Thereafter, the state petitioned for and this Court issued a writ of certiorari to review this determination. In granting the petition, we assigned the case to the show cause calendar and offered the parties the opportunity to file supplemental memoranda. No cause having been shown, we proceed to decide the appeal at this time.

Initially, the state argues that the trial justice lacked authority simply to vacate the verdict and dismiss the complaint because of an alleged error that occurred after the police had arrested defendant and gathered the evidence that led to defendant's conviction. Rule 33, the state suggests, provides that after a nonjury trial a trial justice may vacate the judgment only for the purpose of taking additional testimony as a prelude to directing the entry of a new judgment. But the additional testimony and new evidence, it argues, must form the basis for a new judgment. According to the state, "[t]he rule plainly does not contemplate that the court might alter its previous judgment because of a mere *legal* argument that

could have, and should have been raised either prior to or during the trial itself." The state points out that *Carcieri* was decided a week before defendant's trial started. Therefore, it insists, any arguments based on that case should have been raised before or during the trial. Like any other legal argument not raised before or during trial, the state posits, defendant's belated *Carcieri* arguments were waived and should not have formed the basis for vacating his conviction and dismissing the charges against him.

Second, the state contends, even if defendant's invocation of *Carcieri* had occurred before the guilty verdict, dismissal of the charges still would have been too drastic a remedy. According to the state, *Carcieri* itself held that a dismissal of the charges would not constitute an appropriate remedy for a violation of § 12–7–20 [3]— except as a last resort in a case involving extreme and substantial prejudice to a defendant. This, the state contends, was not such a case.

■■■ We agree with the state that the trial justice erred in relying upon Rule 33 in this case as a predicate to dismissing the charges against defendant. The second sentence of Rule 33 provides that, in response to a defendant's motion for a new trial, the court in a nonjury case may vacate the judgment, take additional testimony, and then direct the entry of a new judgment. As the state suggests, it is the taking of new testimony that allows the court to direct the entry of a new judgment based upon the additional evidence presented.[4] But Rule 33 does not authorize the court to vacate a judgment of conviction for a mere perceived error of law that could have been but was not raised before or during the trial.

---

**3.** The state mistakenly refers to G.L.1956 § 31–27–2 instead of G.L.1956 § 12–7–20 in its memorandum.

**4.** In *State v. Dunn*, 726 A.2d 1142, 1146 (R.I. 1999), we indicated that Rule 33 does not

actually authorize a trial justice in a jury-waived trial to grant a new trial. Rather, the rule merely permits a judge to vacate the judgment, take additional testimony, and direct the entry of a new judgment.

Here, the trial justice vacated the conviction based upon the failure of the police to provide defendant with a free telephone call after his arrest. But if this constituted an error, it was not one "occurring at the trial." Super. R.Crim. P. 33. And if defendant properly had raised a challenge to the lack of a free phone call either before or during his trial,[5] the trial justice could have ruled on that motion at that time. In any event, such a ruling by the trial justice, if erroneous, would have been an error of law that was not subject to review under Rule 33 on a motion for a new trial.

■ In short, defendant waived any right to challenge the failure of the arresting officer to provide him with access to a free telephone call by failing to do so before or during his trial. Thus, the trial justice erred in relying upon Rule 33 to grant the requested relief, not only because he vacated the verdict and dismissed the case without taking any additional testimony, as the rule requires, but also because the mere failure of the police to comply with this obligation is not necessarily a ground for vacating the verdict and entering a new one.

■ Moreover, based upon this Court's opinion in *Carcieri*, we conclude that the sanction of dismissing the charges for failing to provide defendant with the requisite telephone call was too extreme a measure in this case. *Carcieri* involved certified questions to this court relative to § 12–7–20. *Carcieri*, 730 A.2d at 13. That statute provides that a person who has been arrested must be permitted to make a confidential telephone call as soon as a practicable opportunity arises for the purpose of contacting an attorney or arranging for bail. The focus in *Carcieri* was on the confidential nature of the telephone call provided to the defendant. *Id.* The defendant in that case initiated three calls in an unsuccessful attempt to contact an attorney. During those calls, a police officer stood approximately eight feet away from him. *Id.* We ruled that the mere presence of the police officer was not a per se violation of the defendant's right to a confidential telephone call. *Id.* at 15. In so ruling, however, we pointed out that "a suspect is entitled, at minimum, to a telephone call free of charge on an unrecorded line." *Id.* That one sentence, it appears, is the sole basis on which the trial justice in this case vacated the verdict and then dismissed the charges.

Although we stated in *Carcieri* that § 12–7–20 requires police officers to notify suspects of their right to a confidential telephone call, 730 A.2d at 15, we further opined that "the failure to notify a suspect of his right to use a telephone is not fatal to the state's case unless a defendant is prejudiced thereby." *Id.* More specifically, we held that a violation of § 12–7–20 does not necessarily require a dismissal of the charges against a defendant. 730 A.2d at 16–17. We pointed out that even in cases in which evidence has been obtained in violation of the defendant's constitutional or statutory rights,[6] the remedy usually imposed is not to dismiss the indictment or charges, but to suppress any evidence obtained because of the violation or to order a new trial if any such evidence has been

---

**5.** A pretrial motion to dismiss or to suppress evidence would have been an appropriate way to challenge the denial of defendant's right to a free telephone call. This was the procedure followed in *State v. Carcieri*, 730 A.2d 11 (R.I.1999), in which the defendant was arrested and charged with driving under the influence. He filed a pretrial motion to dismiss the complaint on the ground that he had been denied the opportunity to make a confidential telephone call after his arrest. Following a hearing on that motion, the trial justice certified several questions to this court in regard to § 12–7–20, which provides that an arrestee must be given an opportunity to make a confidential telephone call as soon as practical after the arrest. *See Carcieri*, 730 A.2d at 13–17.

**6.** It should be noted that in *Carcieri* we stated that a suspect's right to a confidential telephone call pursuant to § 12–7–20 does not rise to the level of a constitutional right. *Carcieri*, 730 A.2d at 15.

wrongfully admitted. *Id.* at 16. And we noted that certain violations of an arrestee's rights are subject to a harmless-error analysis. *Id.* Also, when determining the appropriate remedy for police or prosecutorial misconduct, we stated that dismissal "is employed only as a last resort, and is limited to cases of extreme and substantial prejudice." *Id.* Finally, we concluded, in the absence of a showing of substantial prejudice, and based upon the facts of that case, the defendant was not entitled to a dismissal of the charges against him. *Id.* at 17.

Similarly, we hold that, because the defendant in this case made no showing of having suffered any substantial prejudice after the police had failed to provide him with a free telephone call, he was not entitled to a dismissal of the charges against him. As the state points out, all the evidence used to convict the defendant had been obtained lawfully *before* the defendant even arrived at the police barracks, where he was directed to the pay telephone. Thus, the failure of the police to have provided the defendant with a free telephone call at this late juncture in the evidence-gathering process constituted only harmless error. Certainly, the defendant failed to establish that he suffered any substantial and irremediable prejudice as a result of the arresting officers' failure to provide him with a free telephone call. Moreover, the mere possibility that the defendant may have been able to telephone a lawyer, who in turn may have helped him to arrange for his own breath-analysis test, which, if it were to have generated results that were favorable to the defendant, may have provided him with some exculpatory evidence to counter the prosecution's case, provided a much too attenuated, hypothetical, and speculative scenario to constitute a showing of substantial prejudice.

For the reasons set forth herein, we grant the state's petition for certiorari, quash the trial justice's dismissal of the complaint, and remand the papers in this case to the Superior Court with this Court's opinion endorsed thereon and with directions for that court to reenter the original judgment of conviction.