Canahui Gonzalez v. Sessions

BIA
Straus, IJ
A206 222 427

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand eighteen.

PRESENT:
   DENNIS JACOBS,
   GUIDO CALABRESI,
   SUSAN L. CARNEY,
      *Circuit Judges.*
_____

ITZLER ARNALDO CANAHUI GONZALEZ, AKA
ITZLER ARNOLDO GONZALEZ, AKA ETZLER
ARNOLD CANAHUI GONZALEZ, AKA ETZLER
ARNOLDO CANAHUI, AKA ITXLER CANAHUI,
AKA ETZLER GONZALEA,
      *Petitioner,*

   v.                                    17-680
                                         NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:         Jon E. Jessen, Stamford, CT.

FOR RESPONDENT:         Chad A. Readler, Acting Assistant
                        Attorney General; Janette L.
                        Allen, Senior Litigation Counsel;
                        Lance L. Jolley, Trial Attorney,

Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Itzler Arnaldo Canahui Gonzalez, a native and citizen of Guatemala, seeks review of a February 24, 2017, decision of the BIA affirming a May 23, 2016, decision of an Immigration Judge ("IJ") denying withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Itzler Arnaldo Canahui Gonzalez,* No. A206 222 427 (B.I.A. Feb. 24, 2017), *aff'g* No. A206 222 427 (Immig. Ct. Hartford May 23, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA, i.e., minus the denial of asylum and the social group finding the BIA did not reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Where, as here, a petitioner was ordered removed under 8 U.S.C. § 1182(a)(2)(A)(i)(I) for having been convicted of a crime involving moral turpitude, our jurisdiction is limited to constitutional claims and questions of law, 8 U.S.C.

2

§ 1252(a)(2)(C), (D), which we review de novo, *Pierre v. Gonzales*, 502 F.3d 109, 113 (2d Cir. 2007). For jurisdiction to attach, however, such claims must be colorable. *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40-41 (2d Cir. 2008). Gonzalez does not raise a colorable constitutional claim or question of law challenging the agency's denial of withholding of removal and CAT relief.

Absent past persecution, an alien may establish eligibility for withholding of removal or CAT relief by demonstrating a likelihood of persecution or torture. 8 C.F.R. § 1208.16(b)(2), (c)(2). Although the agency may commit an error of law if it overlooks material facts, *see Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009), there is no merit to Gonzalez's contention that the agency failed to adequately evaluate evidence that he will likely be persecuted or tortured by gang members in Guatemala.

The agency did not err in finding Gonzalez's fear of future persecution and torture speculative because he did not allege that he suffered any past harm, that gang members had ever threatened or expressed interest in harming him, or that anyone in his family had been threatened or harmed in years. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . .

3

, [an applicant's] fear is speculative at best."); *see also Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding that an applicant's claimed fear of future persecution is weakened when similarly situated family members continue to live unharmed in petitioner's native country). Further, the agency did not err as a matter of law in concluding that evidence of general gang violence in Guatemala was insufficient to establish a likelihood of persecution or torture. *See Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (holding that beyond general country conditions evidence demonstrating incidents of torture in a country, an applicant for CAT relief must provide evidence "that someone in his particular alleged circumstances is *more likely than not* to be tortured"); *cf. Melgar de Torres*, 191 F.3d at 314 n.3 ("General violence . . . does not constitute persecution, nor can it form a basis for petitioner's well-founded fear of persecution."). Gonzalez does not identify any specific evidence that the agency mischaracterized or ignored.

The agency's conclusion that Gonzalez failed to establish that he would more likely than not be persecuted or tortured is dispositive of withholding of removal and CAT relief. *See* 8 C.F.R. § 1208.16(b)(2), (c)(2). Accordingly, we do not

4

reach Gonzalez's challenges to the agency's alternative basis for denying CAT relief—whether Guatemalan officials would acquiesce in his torture. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."); *De La Rosa v. Holder*, 598 F.3d 103, 108-09 (2d Cir. 2010) (recognizing that an applicant's failure to establish likelihood of torture is a separate dispositive basis for denying CAT relief from the requirement of establishing government acquiescence).

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

5