Portillo v. Garland

BIA
Gordon-Uruakpa, IJ
A088 445 296

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of November, two thousand twenty-two.

PRESENT:
>    GERARD E. LYNCH,
>    RAYMOND J. LOHIER, JR.,
>    STEVEN J. MENASHI,
>        *Circuit Judges.*

_____

CARLOS NOE PORTILLO,
>    *Petitioner,*

>    v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>    *Respondent.*

_____

19-3998
NAC

FOR PETITIONER:     Bruno Joseph Bembi, Esq., Hempstead, NY.

FOR RESPONDENT:     Jeffrey Bossert Clark, Acting Assistant Attorney General; Claire

L. Workman, Senior Litigation Counsel; John F. Stanton, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Carlos Noe Portillo, a native and citizen of El Salvador, seeks review of a November 4, 2019 decision of the BIA reversing a February 15, 2018 decision of an immigration judge ("IJ") granting deferral of removal under the Convention Against Torture ("CAT"). *In re Carlos Noe Portillo*, No. A088 445 296 (B.I.A. Nov. 4, 2019), *rev'g* No. A088 445 296 (Immig. Ct. N.Y. City Feb. 15, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the BIA's decision as the final agency determination. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law de novo. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020); *Manning v. Barr*, 954 F.3d

2

477, 484 (2d Cir. 2020).

An applicant for CAT protection must show that he will "more likely than not" be tortured by or with the acquiescence of government officials. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a), 1208.18(a)(1); *Khouzam v. Ashcroft*, 361 F.3d 161, 170–71 (2d Cir. 2004). "Torture is defined as any act by which severe pain or suffering . . . is intentionally inflicted on a person . . . by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). "[A]n alien will never be able to show that he faces a more likely than not chance of torture if one link in the chain cannot be shown to be more likely than not to occur. It is the likelihood of all necessary events coming together that must more likely than not lead to torture, and a chain of events cannot be more likely than its least likely link." *Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) (quoting *in re J-F-F-*, 23 I. & N. Dec. 912, 918 n.4 (A.G. 2006)).

The BIA concluded that the IJ clearly erred in finding that Portillo established that he would likely be tortured in

3

El Salvador because he has non-gang tattoos. *See Wu Lin v. Lynch*, 813 F.3d 122, 129 (2d Cir. 2016) ("[I]f the BIA says that, after considering the entire record, it concludes that the IJ has committed clear error in making a finding of fact and provides a legally sufficient explanation for its conclusion, its ruling will ordinarily be upheld."). We see no error in the BIA's conclusion. Portillo's evidence — which consisted of the 2016 State Department report on El Salvador, and letters from his parents, his minister, and the mayor of his hometown — was insufficient to meet his burden of proof because it primarily discusses general gang violence and extortion. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005) (requiring petitioner to show "that someone in his particular alleged circumstances is more likely than not to be tortured" (emphasis omitted)); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the substantial evidence necessary to support the agency's challenged decision." (quotation marks omitted)). The BIA's conclusion that Portillo did not demonstrate a likelihood of torture is

4

dispositive of CAT protection, 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a), and we therefore do not reach the issue of governmental acquiescence, *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Finally, we find no merit in Portillo's argument that the BIA deprived him of due process by not issuing a new briefing schedule after accepting a late filing from the Department of Homeland Security. The BIA did not preclude Portillo from filing a brief; rather, Portillo made no effort to file a brief, or to seek an extension to the default deadline to file opposition briefs within 21 days of the filing of the opening brief as provided in § 4.7(a)(1) of the BIA Practice Manual.[1] *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (holding that "[t]o establish a violation of due process, an alien must show that [he] was denied a full and fair opportunity to present [his] claims or that the IJ or BIA otherwise deprived [him] of fundamental fairness"

---

[1] BIA Practice Manual § 4.7(a)(1), available at https://www.justice.gov/eoir/book/file/1528926/download (last visited November 21, 2022).

(quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court