# United States Court of Appeals for the Fifth Circuit

———————

No. 25-60375
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2026

Lyle W. Cayce
Clerk

Santos Arnulfo Turcios-Berrios,

*Petitioner*,

*versus*

Todd Blanche, *Acting U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A076 284 434

———————————————————

Before Wiener, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Santos Arnulfo Turcios-Berrios, a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals (BIA) denying his motion to reopen, filed in August 2021 with the BIA, and dismissing his appeal from the immigration judge's (IJ's) denial of a motion to reconsider and a motion to reopen filed in September 2019.

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60375

We review the denial of both a motion to reopen and a motion to reconsider "under a highly deferential abuse-of-discretion standard." *Lowe v. Sessions*, 872 F.3d 713, 715 (5th Cir. 2017) (internal quotation marks and citation omitted). This standard requires a ruling to stand so long as "it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* (internal quotation marks and citation omitted).

First, Turcios-Berrios has abandoned any challenge to the BIA's affirmance of the IJ's denial of his motion to reconsider. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). He also fails to show that the BIA abused its discretion in affirming the IJ's determination that his September 2019 motion to reopen was untimely, and he had not shown changed country conditions warranting reopening or that he was entitled to equitable tolling of the filing deadline. *See Lowe*, 872 F.3d at 715; *Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1026 (5th Cir. 2016); *Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016). We therefore need not address Turcios-Berrios's remaining arguments concerning the denial of these motions. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

Regarding the BIA's denial of his August 2021 motion to reopen, Turcios-Berrios has abandoned any challenge to the BIA's determination that he was not entitled to equitable tolling of the filing deadline. *See Soadjede*, 324 F.3d at 833; *see also* Fed. R. App. P. 28(a)(8)(A). We decline to consider his new arguments that were presented for the first time in his reply brief. *See Bouchikhi v. Holder*, 676 F.3d 173, 179 (5th Cir. 2012). Accordingly, Turcios-Berrios has not shown that the BIA erred in determining that his August 2021 motion to reopen was untimely, and because such determination is dispositive, we need not address his remaining arguments challenging the denial of the motion. *See Bagamasbad*, 429 U.S.

No. 25-60375

at 25.  Turcios-Berrios also asserts several due process claims; however, these claims fail because he had no liberty interests in connection with reopening proceedings.  *See Gomez-Palacios v. Holder*, 560 F.3d 354, 361 n.2 (5th Cir. 2009).  Finally, we lack jurisdiction to consider his challenge to the BIA's declining to exercise its discretion to sua sponte reopen his proceedings.  *See Mejia v. Whitaker*, 913 F.3d 482, 490 (5th Cir. 2019).

The petition is DENIED in part and DISMISSED in part.