JACK TURNER v. THE STATE.

1. WITNESS. *Husband and wife. Assault and battery.*

A wife is a competent witness against her husband in a prosecution for an assault and battery committed by him on her person, although she objects to testifying in the case.

---

---

2. SAME. *Wife's privilege. Immaterial error.*

   If it was the wife's privilege to testify or not as she might elect, her husband could not assign for error the action of the court in compelling her to give evidence over his objection.

APPEAL from the Circuit Court of Grenada County.

Hon. A. T. ROANE, Judge.

The case is stated in the opinion of the court.

*Slack & Longstreet*, for the appellant.

This was not a prosecution by the wife, who, on the contrary, lived on good terms with her husband. She was, therefore, incompetent, even if she had been willing, to testify. *Byrd* v. *The State*, 57 Miss. 243. But she objected. Surely this did not add to her competency. Only where the wife prosecutes her husband for personal injuries can she testify against him. *Anon.*, 58 Miss. 20. The statute (Code 1880, sect. 1601), in making her competent when introduced by the husband, impliedly declares that she is incompetent to be introduced against him. The only exception is her privilege to disclose violence by her husband on her person; but she cannot be compelled to exercise this privilege. This is her shield, — a privilege which she may use for her protection. She cannot be made to convert it into a weapon of attack.

*J. L. Harris*, for the State.

1. At common law husband and wife were incompetent to testify for or against each other, because of their technical identity, and to preserve the harmony and sanctity of the marriage relation. But to this general rule there are some exceptions; "which are allowed from the necessity of the case, and partly for the protection of the wife in her life and liberty, and partly for the sake of public justice." 1 Greenl. on Ev., sect. 343; Roscoe's Crim. Ev., sect. 123; 2 Stark. on Ev., sect. 713; 1 Whart. on Ev., sect. 422.

2. If the proposition be that the wife, though competent, has yet a privilege to testify, which she may exercise or not as she prefers, appellant cannot assign the breach of this privilege for error. 1 Greenl. on Ev., sect. 451. If the wife

possesses this privilege, then she may license crime.    1 Bishop's Cr. Law, sect. 255.

3. The proposition rests upon the assumption that an assault committed upon the wife by the husband is an offence against her alone, and merges the public wrong in the private injury.   She is under the protection and subjection of the law, and she can no more throw off the one than she can decline the other.   The law is broken by whomsoever she is assaulted, and the law must be vindicated, whatever may be her wishes.

COOPER, J., delivered the opinion of the court.

The appellant was indicted for an assault and battery committed upon the person of his wife.   On the trial of the cause the wife was introduced by the State as a witness to prove the commission of the offence ; she objected to delivering her testimony, and thereupon the defendant protested against her being compelled to testify, and excepted to the action of the court in directing her so to do.   It is conceded by counsel for the appellant that the wife was a competent witness ; but it is urged that she is such only for her own protection against the husband ; that she may waive the protection thus afforded her, and thereupon the State is precluded from the benefit of her testimony.

A careful examination has failed to discover any case in which the point now presented has been discussed or decided. We are, therefore, left to determine it upon the general principles governing the production and competency of testimony.

If the proposition be, that the wife has only a privilege of testifying or not, as she may elect, it is clear that the appellant cannot assign for error the action of the court in compelling her to give evidence over her objection, for if the action of the court be error, it is the privilege of the witness, and not the legal right or immunity of the defendant, which is impaired. Greenl. on Ev., sect. 451 ; 2 Ph. on Ev., 941 ; Roscoe's Cr. Ev. 146 ; R. v. Kinglake, 11 Cox C. C. 499.

Stating the question most strongly for the appellant, it is

this : Is the wife a competent witness against the husband in a prosecution against him for an injury to her person, when she objects to giving evidence?

The reasons why husband and wife were incompetent for or against each other at common law were : First, the unity of person and interest subsisting between them ; and, secondly, the regard which the law had for the harmony of the marital relation, to preserve which neither spouse was permitted to testify against the other.

But at common law a wife was competent to testify against her husband in a prosecution for assault and battery on her. In such cases, the husband, having violated the sanctity and peace of the household, it was deemed more consonant with the interest of the public that the wife should gain protection through his punishment, than that she should be subjected to the danger of neglect and injury inflicted in the privacy of domestic life, by the husband, who had the power to exclude from its precincts all competent witnesses of his offences.

The exception was permitted for the protection of the wife; but it was a protection afforded to her not purely as an individual, but as one of the public. Punishment is not inflicted by the law upon a wrong-doer to deter him or others from again wronging the particular individual injured, but to deter him and others from again injuring any person whatever. The husband, therefore, who assaults his wife, commits an injury, not only upon her, but upon society, of which they are members. It is for the injury to the public, committed upon it through the person of the wife, that he is punished. It is for the protection of society, and of the wife as a member of society, that she is made competent as a witness against the husband, for injuries committed by him on her. It is the offence against the public for which he is tried. He is offender of the public, and not the wife alone, and she is competent to testify as a witness for the public, and not as a witness for herself.

And it is a competency not to be waived by her, or affected by her desires or fears.

The judgment is affirmed.