## MILES HARRIS *v*. THE STATE.

1. VERDICT. *Insufficiency of evidence.  New trial.*

   Reluctant as this court is to disturb a verdict upon the sole ground of the insufficiency of the evidence, where there is a palpable failure of proof to warrant the particular verdict rendered, it will not be allowed to stand.

2. SAME. *Circumstantial testimony.  Verdict unsupported.*

   One being convicted of assault and battery with intent to kill his wife, on mere evidence of her outcries, indicating that she was being beaten, and of an incriminating answer by some one who was not seen by the witnesses at the time, together with admissions that he had slapped his wife, and had "whipped her with a board," and proof of small bruises on her person, there being evidence of an aggravated assault, but not adequate proof of an intention to kill, a new trial will be granted.

FROM the circuit court of Lafayette county.

HON. EUGENE JOHNSON, Judge.

Appellant was convicted of assault and battery with intent to kill his wife, on circumstantial evidence, the substance of which, as found by the court from the record, is set out in the opinion.  A motion for a new trial was made, upon the ground, among others, that the verdict was contrary to the evidence.  The motion was overruled, and the defendant was sentenced to imprisonment in the penitentiary for a term of three years.

*M. A. Montgomery*, for appellant,

Filed a brief discussing the law and evidence, and especially urging that the testimony was insufficient to sustain the verdict.  The intent to kill is the gist of the offense, and

must be proved as laid in the indictment. *Morgan* v. *State,* 13 Smed. & M., 242; *Jeff* v. *State,* 37 Miss., 321, s.c. 39 *Ib.,* 593; *Hairston* v. *State,* 54 *Ib.,* 689.

*Frank Johnston,* attorney-general, for the state.

The testimony fully sustains the verdict. Upon all the evidence, there can be no reasonable doubt that the accused beat his wife cruelly and brutally with a heavy stick. Though the homicidal intent may not have been proved as a distinct and independent fact, it was properly inferred or deduced from the facts and circumstances attending the beating. The brutal character of the weapon used, the extent of the injuries, the declaration of the accused, all these indicated a brutality and utterly reckless indifference to consequences, and this is equivalent to proof of express intent.

WOODS, J., delivered the opinion of the court.

We are reluctant to disturb a verdict upon the sole ground of the insufficiency of the evidence to support it; but when there is a palpable failure of proof to warrant the particular verdict rendered, duty requires us to interpose and reverse the judgment founded upon it.

The evidence in this case is either wholly circumstantial or it is in the nature of a confession. There is no direct testimony to any single blow by stick or other instrument inflicted by the accused upon his wife, as charged in the indictment. There is evidence of outcries by the wife, and of an exclamation indicating that she was enduring violence at the hands of some one, and an incriminating reply to this exclamation by that one. There was evidence that the accused had stated that he had slapped his wife around, as testified by one witness, and that he had whipped her with a board, as testified by another witness; and there was evidence of a small bruise on the right temple, another of like description on the arm, the shoulder and the knees of the wife. Giving these pieces of evidence all the weight which they seem to

be fairly entitled to, there is yet wanting adequate proof of any intention to take life. There is abundant evidence in the testimony adduced for the prosecution to justify a verdict for an assault and battery, and an assault and battery so aggravated as to demand the imposition of severe punishment.

The suggestion in the evidence of a belief amongst the humbler classes of our colored population of a fancied right in the husband to chastise the wife in moderation, makes it proper for us to say that this brutality found in the ancient common law, though strangely recognized in *Bradley* v. *State*, Walker (Miss.), 156, has never since received countenance, and it is superfluous to now say that the blind adherence shown in that case to revolting precedent has long been utterly repudiated in the administration of criminal law in our courts.

*Reversed and remanded.*