GROSS v. STATE.*

(Division A. May 19, 1924.)

[100 So. 177. No. 23900.]

1. HUSBAND AND WIFE. *Husband cannot inflict corporal punishment on wife.*

The husband has no right under the law to inflict corporal punishment upon his wife, even for the purpose of correction when done in moderation.

2. CRIMINAL LAW. *Common law on subject remains as if case subsequently overruled had never been decided.*

Where a court of last resort of a state held that a certain act did not constitute a crime under the common law, and later over ruled the case so holding and held that such act did constitute a crime under the common law, the common law on the subject stands as if the first case had never been decided.

*Headnote 1. Husband and Wife, 30 C. J., section 28; 2. Courts, 15 C. J., section 358.

APPEAL from circuit court of Wilkinson county.
HON. R. L. CORBAN, Judge.

Albert Gross was convicted of assault and battery committed on his wife, and he appeals. Affirmed.

*D. C. Bramlette,* for appellant.

The offense alleged in the indictment, assault and battery is purely a common-law offense. It is not described or forbidden by the statutes or the statutory law of the state of Mississippi. The offense, assault and battery, is necessarily relative. For example, such act as would constitute the offense between strangers might not constitute the offense as between teacher and pupil, parent and child, wife and husband or husband and wife. Under many circumstances and states of fact the offense may be made complete as between certain unrelated parties, whereas had such parties been related to each other as husband and wife, child and parent or pupil and teacher, it would be no offense or violation of the law.

2 Wharton on Criminal Law (Kerr), section 830, says: "By the common law, the husband possessed the power of chastising his wife, though the tendency of criminal courts in the present day is to regard the marital relation as no defense to a battery. See *Bradley* v. *State,* 1 Walker's Reports (Miss.) 156 to 158.

The same line of reasoning of our court in the Bradley case is employed by the supreme court of the United

States in *Thompson* v. *Thompson,* 54 Law Ed. 1180-1182-1183, 218 U. S. 611, in a civil case denying the right of a wife to sue the husband for a tort.

To make our position clear before the court we do not contend that it is now or ever was the law in Mississippi, that a husband has the unlimited right to chastise his wife, but only to chastise her in moderation as here.

This theory was correctly set out in the instruction refused. It is the law as exists in Mississippi today regardless of whether we think it should or should not be the law. The indictment charged the beating, bruising and wounding with force and arms, therefore, the nature of the instrument used in the alleged correction or assault vitally affects the question of motive or intention when there is a particular relationship between the parties, as in this case. See *Boyd* v. *State,* 88 Ala. 169, 7 So. 26, 16 Am. St. 31.

By refusing either of the instructions quoted appellant was denied the right of having his theory of the case presented to the jury which was fatal error because of which the judgment of the lower court must be reversed. *De Silva* v. *State,* 91 Miss. 776.

*Harry M. Bryan,* Assistant Attorney General, for the state.

The burden of the brief of appellant's counsel is that the husband possesses the power of chastising his wife, and that he should "be permitted to exercise the right of moderate chastisement in cases of great emergency, and to use salutary restraints in every case of misbehavior, without subjecting himself to vexatious prosecution, resulting in the discredit and shame of all parties concerned." He cites as controlling on this point, the case of *Bradley* v. *State,* 1 Walker's Reports (Miss.), 156 to 158; *Thompson* v. *Thompson,* 54 Law. Ed. 1180, 218 U. S. 611, a civil case, denying the right of a wife to sue her husband for a tort.

Appellant complains of the refusal by the trial court to grant him instructions which were drawn in the language of the court's opinion in the Bradley case. Counsel has evidently overlooked the decision of our supreme court in the case of *Harris* v. *State,* 71 Miss. 462. See, also, 1 McClain on Criminal Law, section 243.

Further, it was not absolutely necessary for great bodily harm to follow the unlawful acts of the husband in order that an assault and battery without justification might result from his acts. As stated by the great body of textwriters and reflected in the decisions of this court, a mere taking hold of or laying the hands on the person of another, if done in an angry, insolent or hostile manner amounts to an assault and battery. There are many cases in which it was decided that if one jostles or pushes another in a rude, insolent and angry manner, if wilfully done, this will be a battery. The evidence in this case overwhelmingly discloses a most brutal and inhumane assault and battery and the sentence of the court was light under the circumstances.

*D. C. Bramlette,* for appellant in reply.

Counsel for the state argues that the common law covering this case was repealed by the case of *Harris* v. *State,* 71 Miss. 462, in so far as it suits the purpose of the distinguished counsel to have it repealed and is left in effect in so far as it suits his purpose to have it in force.

It is no more possible for a court to repeal the common law than it is for a court to repeal a statute outright; and I may add it would be just as possible and practicable for a court to enact a statute as to repeal a statute. This is the sphere of the legislature, not the courts, as stated in appellant's original brief.

We deny *in toto* the assertion and contention that the Harris case, repealed or changed to the slightest degree the common law, as it existed at the time of the rendition of said decision. Sec. 1287, Hemingway's Code, sec. 1525,

Code of 1906; 12 Corpus Juris 186; *Holman* v. *Bennett,* 44 Miss. 322.

The common law forms the basis of our jurisprudence and remains in force until repealed, or modified by statute. *Hemingway* v. *Scales,* 42 Miss. 1, 97 Am. Dec. 425, 2 Am. Rep. 586.

It was even questioned at one time whether the legislature possessed the constitutional right to repeal the common law, and further it was contended that this right rested inherently and solely with the people themselves. *Noonan* v. *The State,* 1 Morris State Cases (Miss.) 212-218.

The Harris case, in an *obiter dictum* paragraph in "repealing" this particular part of the common law designates it as the "brutality of the common law, thus recognizing its existence as a part of the common law. This *obiter dictum* reference (or a vital element of the decision by the court, however it may be regarded) is utterly vain and futile in so far as changing the law. If the law were brutal, villianous and repugnant to the conscience of man and God, it was not within the province of the court to usurp the power vested solely in the legislature; and the law was left as the court found it.

Consequently the alleged offense is nowhere prohibited by the statute law or the constitution of the state of Mississippi, therefore, the state is forced to look to the common law. If the state accepts the common law as it existed and now exists unchanged by the legislature, this case must be reversed.

We contend further that the common-law crime of assault and battery is purely relative; that brother and brother, sister and sister, sister and brother, husband and wife, members of the same family, stand in wholly different relation as to such an offense than entire strangers or unrelated parties. For example, a man may grab his sister's arm on the street, or in the line of a theatre ticket window, and not be guilty of assault, whereas, were she a stranger, he would be guilty. So,

the court below, in denying appellant every instruction requested, committed such grave error that a reversal of this case is inescapable.

ANDERSON, J., delivered the opinion of the court.

Appellant, Albert Gross, was indicted and convicted in the circuit court of Wilkinson county of the charge of an assault and battery committed upon his wife, and sentenced to pay a fine of two hundred dollars and to sixty days' imprisonment, from which judgment he prosecutes this appeal.

On the trial appellant requested instructions, which were refused by the court, to the effect that appellant had the right to chastise his wife in the form of corporal punishment provided it was done in moderation. The assignment of error based on the refusal of these instructions is the one principally argued, and is the only assignment of error of sufficient merit to require a discussion by the court.

Appellant, to support his position, cites 2 Wharton's Criminal Law (Kerr) section 830, *Bradley* v. *State,* Walk. 156, and *Thompson* v. *Thompson,* 218 U. S. 611, 31 Sup. Ct. 111, 54 L. Ed. 1180, 30 L. R. A. (N. S.) 1153, 21 Ann. Cas. 921. It was held in the Bradley case that at common law a husband had the right to chastise his wife corporally in moderation in case of great emergency. And Wharton, in the section cited, says:

''By the common law the husband possessed the power of chastising his wife, though the tendency of criminal courts in the present day is to regard the marital relation as no defense to a battery.''

The Thompson case involved a civil action by the wife against the husband for an assault and battery by the latter on the former. The case arose in the District of Columbia. The court held that the common-law relation between husband and wife was not so far modified by D. C. Code, section 1155, as to give the wife a right of action to

recover damages from her husband for an assault and battery committed upon her by him. In discussing the question the court said, among other things:

"Nor is the wife left without remedy for such wrongs. She may resort to the criminal courts, which, it is to be presumed, will inflict punishment commensurate with the offense committed."

The attorney-general says, however, that, granting it had been held in the Bradley case that under the common law a husband had the right to use physical force in the chastisement of his wife, moderately or otherwise, that principle was overturned by *Harris* v. *State,* 71 Miss. 462, 14 So. 266, in which latter case the court, in discussing the Bradley case, said:

"That this brutality found in the ancient common law, though strangely recognized in *Bradley* v. *State,* Walker (Miss.) 156, has never since received countenance, and it is superfluous to now say that the blind adherence shown in that case to revolting precedent has long been utterly repudiated in the administration of criminal law in our courts."

The attorney-general does not refer to *Turner* v. *State,* 60 Miss. 351, 45 Am. Rep. 412, which bears out the idea that, if it ever was the common law that a husband had the right to inflict corporal punishment upon his wife within the bounds of moderation, the principle has long since become obsolete. In that case the husband was indicted and convicted of an assault and battery upon his wife, from which judgment he appealed to the supreme court. The state introduced the defendant's wife as a witness against him over his objection, as well as over her own objection. The court held that under the common law a wife was competent to testify against her husband in a prosecution for assault and battery upon her; that, the husband having violated the sanctity and peace of the household, it was deemed better that the wife should be permitted to testify than that she should run the risk of injury inflicted upon her by her husband in the privacy of

domestic life, from which he had the power to exclude witnesses of his offense. The court used this language in part:

"The husband, therefore, who assaults his wife, commits an injury, not only upon her, but upon society, of which they are members. It is for the injury to the public, committed upon it through the person of the wife, that he is punished."

The crime of assault and battery in this state is a common-law and not a statutory offense. In view of that fact appellant takes the position that it may be conceded that the Bradley case has been overruled and that it is therefore no longer the law of this state that the husband, for the purpose of correction, may inflict corporal punishment upon the wife in moderation, still there could be no conviction in this case because there is no law left making an assault and battery by the husband on the wife a crime. In other words, that the court is without authority to hold in one decision that a given act constitutes a crime under the common law, and in a later decision to hold exactly the converse; that the common law cannot be one thing to-day and another thing to-morrow.

Appellant's contention, if granted, would mean that the courts could not change their views with reference to what is the common law, that having once declared what it was there could never be any change except by constitutional or legislative enactment.

We are of the opinion that under certain well-established principles there is no difficulty in solving this question. In *Green* v. *Weller,* 32 Miss. 650, and *Crane* v. *French,* 38 Miss. 503, it was held that the principles of the common law unsuited to our condition or repugnant to the spirit of our government are not in force in this state. It was held in *Vicksburg Railroad Co.* v. *Patton,* 31 Miss. 156, 66 Am. Dec. 552, that all the rules of common law were not in force in this state, but only such as were adapted to our institutions and circumstances and not repealed by the legislature or varied by usages which

superseded them. And in *Y. & M. V. Railroad Co.* v. *Scott,* 108 Miss. 871, 67 So. 491, L. R. A. 1915E, 239, Ann. Cas. 1917E, 880, the court, in illustrating what constituted the common law, said that if a case was presented not covered by any law written or unwritten, the power of the court is adequate, and it is the duty of the court to adopt such a rule of decision as right and justice in the particular case seemed to demand, that, not withstanding in such case the decision made the law and not the law the decision, ''this is the way the common law itself was made, and the process is still going on,'' and further that the common law was not unchangeable, and was not adopted to remain perpetual and unaltered and unalterable, ''not to be tempered to our habits, wants, and customs.''

Under the rule declared in the Harris case and recognized in the Turner case, there is no exception in favor of the husband as against the wife in the common-law offense of assault and battery. That rule has as much binding force on the courts as if there had never been any other rule. The common law on the subject stands as if the Bradley case had never been decided or decided the converse of what it was.

Section 1525, Code of 1906 (Hemingway's Code, section 1287), providing that offenses not covered by statutes shall be indictable as at common law, simply means that such offenses shall be indictable according to the common law is declared by the courts at the time.

*Affirmed.*