347 So.2d 974 (1977)
William E. TAPP
v.
STATE of Mississippi.
No. 49709.
Supreme Court of Mississippi.
July 6, 1977.
*975 Walker, Franks, Rone, Bridgforth & Woods, Joel P. Walker, Mills E. Barbee, Hernando, for appellant.
A.F. Summer, Atty. Gen. by Frankie Walton White, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before GILLESPIE, C.J., and ROBERTSON and LEE, JJ.
LEE, Justice, for the Court.
William E. Tapp was convicted of manslaughter in the Circuit Court of DeSoto County, sentenced to twenty (20) years, and he appeals here. We reverse.
In view of the conclusion we have reached, we consider only the following assigned errors:
(1) The trial court erred in compelling appellant's wife to testify over objection of him and his wife, in violation of Mississippi Code Annotated § 13-1-5 (1972).
(2) The trial court erred in permitting Dr. Harry Friedman to testify when he was *976 not listed as a State witness, and his name was not furnished to appellant prior to the trial.
(3) The trial court erred in admitting in evidence pictures of the deceased child.
(4) The trial court erred in refusing appellant's request for a peremptory instruction of not guilty, and the jury's verdict is contrary to the overwhelming weight of the evidence.
Appellant is married to nineteen-year-old Mary Jane Tapp. On August 22, 1975, John Carlton Looney, her two and one-half (2 1/2) year old child by a former marriage lived with her and appellant. The evidence indicates that on the evening of August 20, appellant abused the child by striking and kicking him (with cowboy boots), squeezing him around the stomach, and throwing him down. The child became ill, was examined by Dr. Harry Friedman about 10:00 a.m. August 21, 1975, and was admitted to the hospital. The doctor found bruises over numerous parts of Carl's body, he did not respond to treatment, he was lethargic and delirious for the next twelve (12) hours, when he went into shock. An emergency operation was performed, but the child expired on the operating table at 4:00 a.m. August 22, 1975. An autopsy disclosed that the top part of the child's small intestine (duodenum) had separated from the stomach and fluids had drained into the abdominal cavity causing infection. The injuries were the result of "blunt trauma." The damage was recent and was consistent with the abuse.
On the day after Carl's death, Mrs. Tapp made an affidavit against her husband for child abuse, and she was separated from him until approximately thirty (30) days before trial, at the end of which time they were reconciled and started living together again. At the time of the trial, in November, 1975, appellant and Mrs. Tapp were cohabiting as man and wife, she contended that he did not mean to harm the child, and she minimized the abusive acts formerly attributed to appellant. The State issued a subpoena for her at the November, 1975 Term of court, which she evaded. Subsequently, she appeared in court, was placed under bond as a material witness for the State and was compelled by the court to testify on behalf of the State. A hearing was held outside the presence of the jury on appellant's objection to her testifying and she repeatedly told the court that she did not want to testify, that she did not wish to prefer charges against her husband, she did not believe him guilty, and that she was living with him. She agreed to be available to testify, if the judge would not keep her in jail. The court further declared her to be a hostile witness and permitted the State to call her and examine her as a hostile witness. Much of the examination was cross-examination and introduction of contradictory statements made by her at a preliminary hearing.

I.
Did the court err in compelling appellant's wife to testify over objection of him and his wife, in violation of Mississippi Code Annotated § 13-1-5 (1972)?
Mississippi Code Annotated § 13-1-5 (1972) reads as follows:
"Husbands and wives may be introduced by each other as witnesses in all cases, civil or criminal, and shall be competent witnesses in their own behalf, as against each other, in all controversies between them. A criminal prosecution of either husband or wife for contributing to the neglect or delinquency of a child or desertion or nonsupport of children under the age of sixteen (16) years or abandonment of children shall be deemed controversies between husband and wife for the purpose of this section. But in all other instances where either of them is a party litigant the other shall not be competent as a witness and shall not be required to answer interrogatories or to make discovery of any matters involved in any such other instances without the consent of both." (Emphasis added).
The latest Mississippi case construing the statute is Merritt v. State, 339 So.2d 1366 (Miss. 1976), where the wife testified against *977 her husband for the murder of their child. The Merritt case is distinguishable from the present case. In Merritt, the father's crime against the child destroyed the harmony of the marriage and the conjugal relationship resulting in the separation of the husband and wife and ultimate divorce. Also, Mrs. Merritt voluntarily (and somewhat eagerly) testified on behalf of the State against her husband. In the case now before the Court, there is no charge against appellant for assaulting his wife (personal violence) as in Turner v. State, 60 Miss. 351 (1882) and for which the statute specifically grants an exception. Appellant's wife lived with him subsequent to the death of her child, she minimized the abusive conduct of her husband, expressed her belief in his innocence, and stated that she loved him. Further, both she and appellant objected to her being called as a witness and being required to testify against appellant. She was placed under bond as a material witness, she was declared to be a hostile witness, and she was compelled to testify under threat of being jailed. We hold that there was a clear violation of Section 13-1-5 and it constituted reversible error.

II.
Did the trial court err in permitting Dr. Harry Friedman to testify when he was not listed as a State witness, and his name was not furnished to appellant prior to the trial?
At the request of appellant, a list of the witnesses for the State was furnished him. Among the witnesses named was Dr. Jerry Kaplan, who operated on the child. At the trial, Dr. Kaplan was unable to be present, and the State called and introduced Dr. Harry Friedman, who was the admitting doctor and who was present during the surgery. Appellant contends that the court erred in permitting Dr. Friedman to testify when he expected Dr. Kaplan to be introduced. Mississippi has no statute requiring the State to furnish names of its witnesses to a defendant. There is no merit in this contention. Bellew v. State, 238 Miss. 734, 106 So.2d 146 (1958); McDaniel v. State, 191 Miss. 854, 4 So.2d 355 (1941). Further, the court heard the witness testify in chambers and was satisfied that his testimony was substantially the same as that of Dr. Kaplan. No prejudice resulted to the appellant by substituting one physician for another.

III.
Did the trial court err in admitting in evidence pictures of the deceased child?
The court admitted in evidence pictures of the child which reflected bruises and marks on his body. These photographs had some probative value, and the judge did not abuse his discretion in admitting them in evidence. May v. State, 199 So.2d 635 (Miss. 1967).

IV.
Did the trial court err in refusing appellant's request for a peremptory instruction of not guilty and was the jury's verdict against the overwhelming weight of the evidence?
Without the wife's testimony, the record on the first trial of this case would not sustain a conviction. However, since that testimony is incompetent, the case will be reversed and remanded for a new trial upon such other evidence as the State may be able to present.
This case was considered by a conference of the justices en banc.
REVERSED AND REMANDED.
PATTERSON and INZER, P. JJ., and SMITH, WALKER and BROOM, JJ., concur.
GILLESPIE, C.J., and ROBERTSON and SUGG, JJ., dissent.
GILLESPIE, Chief Justice, dissenting:
In my opinion the wife of the defendant in the present case should be allowed to testify under the authority of Merritt v. State, 339 So.2d 1366 (Miss. 1976). The difference in the two cases is that in Merritt the wife testified voluntarily, while in the present case, she was not a willing witness. *978 The majority decision is, in my opinion, unsound and out of harmony with Merritt.
In Merritt, the Court followed the modern trend of extending the area in which husband and wife may testify against each other effectively to enforce the criminal laws. It was held that under the 1954 amendment [now a part of Mississippi Code Annotated § 13-1-5 (1972)], the legislature recognized the need to expand the area in which husband and wife can testify against each other. Specifically, Merritt held that a crime of personal violence against a child is a controversy between man and wife within the meaning of the statute. That holding revoked the immunity in child abuse cases including abuses resulting in death. Once the immunity is revoked, voluntariness or non-voluntariness has no part in applying the Merritt rule.
Child abuse is reaching proportions causing national concern. The courts can ill afford to make the voluntariness of the spouse's testimony the criteria for admitting such testimony in child abuse cases, particularly in cases where the parent is charged with murder of the child. This will encourage the accused to intimidate the other spouse not to testify voluntarily. I apprehend that application of the rule laid down in the present case will invite intimidation and compound criminal activities in child abuse cases.
ROBERTSON and SUGG, JJ., join in this dissent.