**Richard Austin GREENE,
Petitioner-Appellant,**

v.

**Raymond D. MASSEY, Superintendent,
Union Correctional Institution,
Respondent-Appellee.**

**No. 76–1719.**

United States Court of Appeals,
Fifth Circuit.

May 16, 1979.

John T. Chandler, Florida Legal Services, Inc., Gainesville, Fla., for petitioner-appellant.

Harry M. Hipler, Asst. Atty. Gen., Robert L. Shevin, Atty. Gen., West Palm Beach, Fla., for respondent-appellee.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before BROWN, Chief Judge, TUTTLE and TJOFLAT, Circuit Judges.

JOHN R. BROWN, Chief Judge:

In our prior opinion in *Greene v. Massey*, 5 Cir., 1977, 546 F.2d 51, this Court held that the Double Jeopardy Clause did not bar retrial of petitioner where his prior state conviction was reversed by the Supreme Court of Florida on the grounds of insufficient evidence. See *Sosa v. State*, Fla., 1968, 215 So.2d 736. On writ of certiorari, the United States Supreme Court reversed and remanded. *Greene v. Massey*, 1978, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15. Applying the rule announced in *Burks v. United States*, 1978, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1, the Court determined that a state appellate court reversal on grounds of insufficient evidence would bar a second trial for the same offense.

Although enunciation of the legal principle was simple enough, the Supreme Court found its application in this case to be a tougher question. The Court concluded

1. We are aware, however, that of the Supreme Court of Florida justices who decided *Sosa v. State*, none is on the court today.

2. Although we have selected questions that we deem dispositive of the state law issues raised,

that it could not conclude whether the Supreme Court of Florida had in fact based its reversal of Greene's conviction on insufficiency of the evidence. In addition to reversal for insufficient evidence, the Supreme Court pointed out that the reversal might have been for either "trial error" or "in the interests of justice." *Greene v. Massey*, 437 U.S. at 26, 98 S.Ct. 2151. Thus, remand was deemed necessary to construe the Supreme Court of Florida holding:

> Given the varying interpretations that can be placed on the actions of the several Florida appellate courts, we conclude that this case should be remanded to the Court of Appeals for reconsideration in light of this opinion and *Burks v. United States*, ante. The Court of Appeals will be free to direct further proceedings in the District Court or to certify unresolved questions of state law to the Florida Supreme Court.

*Id.* at 30, 98 S.Ct. at 2155.

Since no one is better equipped to interpret its decision than the Court that rendered it,[1] we find that this case is one that is particularly appropriate for certification. Therefore, we defer decision on the federal questions raised on remand and certify the remaining questions to the Supreme Court of Florida. We have drafted the Statement of Facts and the Questions for Certification.[2]

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF FLORIDA, PURSUANT TO SECTION 25.031, FLORIDA STATUTES 1975, AND RULE 4.61, FLORIDA APPELLATE RULES

TO THE SUPREME COURT OF FLORIDA AND THE HONORABLE JUSTICES THEREOF:

we disclaim any intention to restrict the Supreme Court of Florida, in its reply, to the precise form or scope of the questions raised. See *Martinez v. Rodriquez*, 5 Cir., 1968, 394 F.2d 156, 159 n.6.

It appears to the United States Court of Appeals for the Fifth Circuit that the above-styled case in this Court involves questions or propositions of law of the State of Florida which may be determinative of the cause, and there appear to be no clear, controlling precedents in the decisions of the Supreme Court of Florida. The United States Court of Appeals for the Fifth Circuit therefore certifies the following questions of law of the State of Florida to the Supreme Court of Florida for instructions concerning such questions of law, based on the facts recited herein, pursuant to § 25.-031, Florida Statutes 1975, and Rule 4.61, Florida Appellate Rules, as follows:

I. *Style of the case.* The style of the case in which this certificate is made is as follows: *Richard Austin Greene*, petitioner-appellant, versus *Ramond D. Massey*, respondent-appellee, Case No. 76–1719, United States Court of Appeals for the Fifth Circuit, said case being on remand from the United States Supreme Court.

II. *Statement of facts.* On November 25, 1965, a Florida jury found Greene and a codefendant guilty of first degree murder. On appeal from this conviction the Supreme Court of Florida reversed, 4–3, and ordered a new trial. *Sosa v. State*, Fla., 1968, 215 So.2d 736. In a brief per curiam opinion, the Court stated, "[A]fter a careful review of the voluminous evidence here we are of the view that the evidence was definitely lacking in establishing beyond a reasonable doubt that the defendants committed murder in the first degree, and that the interests of justice require a new trial." *Id.* at 737.

Three of the Justices who joined in the per curiam opinion filed a "special concurrence" in which reversible trial error was found. *Id.* at 737–746. In concluding their special concurrence, the Justices declared, "For the reasons stated the judgments should be reversed and remanded for a new trial so we have agreed to the Per Curiam order doing so." *Id.* at 746.

Seeking to avoid a second trial, Greene and his codefendant unsuccessfully sought a Writ of Prohibition in the Florida trial court. They argued that the Double Jeopardy Clause barred the state from retrying defendants for the same offense. The Second District Court of Appeal of Florida also denied the Writ. *Sosa v. Maxwell*, Fla.App., 1970, 234 So.2d 690. The Court determined that the Supreme Court of Florida's reversal of the first conviction was not based on insufficient evidence but rather "appears to be based on a finding that the evidence, though technically sufficient, is so tenuous as to prompt an appellate court to exercise its discretion and, in the interest of justice, grant a new trial." *Id.* at 691. Such a reversal, the Court stated, did not have double jeopardy consequences. On writ of certiorari, the Supreme Court of Florida denied the writ without opinion.

Greene was then retried, and he and his codefendant were again convicted of first degree murder. The Fourth District Court of Appeal of Florida affirmed this second conviction, holding that res judicata barred reconsideration of petitioner's double jeopardy argument. *Sosa v. State*, Fla.Dist.Ct. App., 1974, 302 So.2d 202. A petition for writ of certiorari was subsequently denied by the United States Supreme Court. *Greene v. Florida*, 1975, 421 U.S. 932, 95 S.Ct. 1660, 44 L.Ed.2d 89.

Following his unsuccessful direct appeal, Greene raised his double jeopardy claim in a habeas petition in the United States District Court. The District Court denied the petition. This denial was subsequently affirmed by the United States Court of Appeals for the Fifth Circuit on the grounds that a reversal for insufficient evidence did not bar retrial for the same offense. *Greene v. Massey*, 5 Cir., 1977, 546 F.2d 51.

This holding was reversed by the United States Supreme Court in *Greene v. Massey*, 1978, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15. The Supreme Court remanded the case to the Fifth Circuit for reconsideration in light of *Greene* and *Burks v. United States*, 1978, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d. Observing the "varying interpretations" that could be placed upon the Supreme Court of Florida decision reversing Greene's original conviction, the Court suggested cer-

tification to the Supreme Court of Florida as one means of reaching a definitive interpretation of the holding in that case. *Greene v. Massey*, 437 U.S. at 26, 98 S.Ct. 2151.

III. *Questions to be certified.*

1. Under Florida law, what is the effect of a per curiam opinion with a special concurrence from a majority of the Justices joining in the per curiam opinion?

2. Under Florida law, what weight, if any, is to be attached to a Florida District Court of Appeal's interpretation of a decision of the Supreme Court of Florida?

3. Under Florida law, what is the legal significance of a reversal "in the interests of justice"?

4. Under Florida law, what is the precedential effect of a holding in which only a plurality of justices join?

5. Upon what grounds did the Supreme Court of Florida reverse the convictions in *Sosa v. State*, Fla., 1968, 215 So.2d 736?

(a) Was the reversal solely on the grounds of insufficient evidence? or

(b) Was the reversal solely on the grounds of trial error? or

(c) Was the reversal based upon a combination of (a) and (b)?

(d) If not (a), (b), or (c), upon what grounds was the reversal based?

The entire record in this case, the opinions of this Court and the United States Supreme Court, and all the papers and briefs are transmitted herewith.

CERTIFIED.