373 So.2d 1029 (1979)
William E. TAPP
v.
STATE of Mississippi.
No. 51252.
Supreme Court of Mississippi.
August 8, 1979.
*1030 Joel P. Walker, Jr., Hernando, for appellant.
A.F. Summer, Atty. Gen. by Robert D. Findley, Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
BOWLING, Justice, for the Court:
Appellant's appeal is from a conviction of murder and a life sentence resulting therefrom in the Circuit Court of DeSoto County. Appellant advances four assignments of error, namely;
1. The trial court erred in refusing to direct acquittal of the defendant because the second trial of the defendant put him twice in jeopardy for the same offense contrary to the Fifth and Fourteenth Amendment to the Constitution of the United States.
2. The trial court erred in requiring the defendant to be tried on a murder charge at the second trial when he was only convicted of manslaughter at the first trial, thereby putting him in double jeopardy for the same offense contrary to the Fifth and Fourteenth Amendments to the Constitution of the United States.
3. The trial court erred in permitting the prosecution to call the former wife to testify at the second trial.
4. The trial court erred when it permitted the former wife to testify about going to Juvenile Court in Memphis, Tennessee, and going to Olive Branch, Mississippi, to sign an affidavit against the defendant.
This is the second consideration of the case against appellant by this Court. In Tapp v. State, 347 So.2d 974 (Miss. 1977), the Court reversed his conviction of manslaughter and his sentence of twenty years with the Department of Corrections. The reason for the Court's reversal and remanding for a new trial was that the lower court erred in compelling Tapp's wife to testify for the state over objections of both Tapp and the wife. In that case, Tapp was originally indicted for murder but was convicted of only manslaughter.
After remand and prior to the second trial resulting in this appeal, Tapp and his wife, Mary Jane, were divorced. At the second trial, she voluntarily appeared and testified against her former husband. The jury returned a verdict finding Tapp guilty of murder. The proof was abundant and fully justified such a conviction. The testimony *1031 of his former wife was clear and concise that Tapp physically abused the two and a half year old son of the wife by a former marriage by throwing, hitting, stomping him, and doing other cruel and inhuman acts directed toward the child. The child died in the Baptist Hospital in Memphis after treatment and surgery, and the proof was positive that the child's death was the result of physical abuse. We relate the above to emphasize that the decision in this case is in no way based on the facts presented to the jury as to the guilt or innocence of appellant, but is based solely on required legal considerations.
ASSIGNMENT NO. 1. Appellant contends that a retrial on any charge after reversal of the first trial placed him in double jeopardy contrary to the Fifth and Fourteenth Amendments to the Constitution of the United States. Subsequent to the second trial, the United States Supreme Court has rendered opinions in the cases of Burks v. U.S., 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and Greene v. Massey, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). In those cases it was held that an accused could not be placed in double jeopardy through a second trial when the first conviction was overturned for the reason that the prosecution did not present sufficient evidence and the conviction was against the overwhelming weight of the evidence. We clearly do not have that situation here. The opinion in Burks stated:
In short, reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect, e.g., incorrect receipt or rejection of evidence, incorrect instructions, or prosecutorial misconduct.
As hereinbefore stated, reversal of Tapp's conviction of manslaughter was because of the error of the lower court in the admission of evidence of the wife because of her marital status at that time. The reversal was based on trial error and not insufficiency of evidence. We, therefore, hold that Assignment No. 1 is without merit.
ASSIGNMENT NO. 2. It is contended that the second trial of appellant now before the Court should only have been under a charge of manslaughter. In at least three cases this Court has held that on reversal of a conviction the accused cannot be tried and convicted of a crime greater than that of which he was convicted at the first trial. Thornton v. State, 369 So.2d 505 (Miss. 1979); Varnado v. State, 338 So.2d 1239 (Miss. 1976); Wood v. State, 257 So.2d 193 (Miss. 1972).
This prohibition is a constitutional right of an accused as stated by the United States Supreme Court in Price v. Georgia, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970).
The primary question under this assignment is whether or not the appellant's right to raise this issue on appeal was sufficiently preserved in the lower court. The record reveals that prior to the beginning of the second trial, appellant, through his attorney, moved the court to try the case only under a charge of manslaughter. At the conclusion of the case the court was requested by appellant's attorney to charge the jury that it could consider only a verdict of manslaughter. This request was refused. We hold that this clearly was error and that under the above cited authorities and others, the appellant legally and constitutionally could not have been placed in double jeopardy by trying him on a charge of murder from which he was released legally at his first trial.
The question is what this Court should do to correct the error. All authorities heretofore have pointed out and it is obvious that the crime of manslaughter is a lesser crime than a charge of murder. In many cases, probably a majority, the jury is instructed in a trial under an indictment for murder that if murder is not proven, the *1032 jury, under proper instructions regarding the evidence, might find the accused guilty of the lesser crime of manslaughter. As hereinbefore stated, the jury in the present appeal found appellant guilty of murder and had abundant evidence to do so. We hold that because of the error of the lower court in not confining the jury deliberation to a charge of manslaughter under the original indictment for murder, the cause should be remanded to the lower court for a sentencing hearing, limited to that under a charge and conviction of manslaughter. As in all such cases, it shall be within the discretion of the lower court to adjudicate the proper sentence after the sentencing hearing.
ASSIGNMENT NO. 3. Appellant contends that the entire cause should be reversed because the lower court admitted the testimony of his former wife. In Merritt v. State, 339 So.2d 1366 (Miss. 1976), this Court held that the wife, although still married to the accused, was permitted to testify voluntarily as a competent witness against her husband for crimes involving personal violence against her child. As stated at the outset, at the first trial of the Tapp case resulting in the reversal, the wife was forced to testify, which made that testimony incompetent. At the second trial, the witness was not the wife of the appellant, and in addition to that, she testified voluntarily. The admission of her testimony was not error.
ASSIGNMENT NO. 4. Appellant's former wife was permitted to testify that she went to the office of a Justice Court Judge to sign a warrant for the arrest of appellant for child abuse. Appellant contends that as the charge against him was murder, evidence of a charge of child abuse was not permissible as an attempt to show another crime. This assignment is without merit. The testimony of the former wife merely relates to the conduct forming the basis of the indictment for murder. In addition, the record in this case clearly shows that there could have been no prejudice whatever against appellant because of this evidence.
The cause is affirmed and remanded to the lower court for a sentencing hearing and proper sentencing of appellant, not to exceed that under a charge of manslaughter.
AFFIRMED AND REMANDED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER and LEE, JJ., concur.
PATTERSON, C.J., and BROOM, J., dissent.
COFER, J., takes no part.
PATTERSON, Chief Justice, dissenting:
I dissent, because I do not think legal salvage arises from an unconstitutional trial. In Price v. Georgia, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970), a case strikingly similar to the present, it was held that double jeopardy prohibits a second trial for the same offense. It states in part the following:
[T]he Double Jeopardy Clause of the Fifth Amendment is written in terms of potential or risks of trial and conviction, not punishment. (398 U.S. at 329, 90 S.Ct. at 1761, 26 L.Ed.2d at 305)
* * * * * *
The Double Jeopardy Clause, as we have noted, is cast in terms of the risk or hazard of trial and conviction, not of the ultimate legal consequences of the verdict. To be charged and to be subjected to a second trial for first-degree murder is an ordeal not to be viewed lightly... .[10]
[10] There is a significant difference to an accused whether he is being tried for murder or manslaughter. He has reason for concern as to the consequences in terms of stigma as well as penalty. He must be prepared to meet not only the evidence of the prosecution and the verdict of the jury but the verdict of the community as well.
(398 U.S. at 331, 90 S.Ct. at 1762, 26 L.Ed.2d at 306)
If these statements mean what they say, then the second trial for murder should not *1033 have transpired; it was barred,[*] thereby leaving the verdict of murder and the sentence to life thereunder a nullity, in my opinion. A remand for sentence for the crime of manslaughter lends dignity to an unconstitutional trial that I am not willing to share. I would remand the case for a new trial on manslaughter implicit in which is that no greater sentence could be imposed than that of the first trial.
A troublesome facet is now emerging from Merritt v. State, 339 So.2d 1366 (Miss. 1976), wherein this Court held that a wife, although still married to the accused, was competent to testify against her husband for a crime involving personal violence against their child. This was permitted, because the wife was willing to testify. The first Tapp case was correctly decided under it, because Tapp's then wife was not willing to testify. In this, the second trial, she was divorced and volunteered to become a witness. Theoretically, she and Tapp could remarry before the third trial and she would again become an incompetent witness if she expressed a desire not to testify against him. I now think we should give consideration to reevaluating Merritt, supra, and Tapp v. State, 347 So.2d 974 (Miss. 1977), its progeny, so that a spouse be either a competent or incompetent witness against the other spouse in a child abuse or homicide case, thereby removing the vacillations brought about by a spouse's willingness or unwillingness to testify.
BROOM, J., joins in this dissent.
NOTES
[*] Kepner v. U.S., 195 U.S. 100, 24 S.Ct. 797, 49 L.Ed. 114 (1903).