William E. TAPP, Petitioner-Appellee,

v.

Ed LUCAS, Warden, Mississippi State Penitentiary, et al., Respondents-Appellants.

No. 80–3859.

United States Court of Appeals, Fifth Circuit.*
Unit A

Oct. 7, 1981.

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

**384**

Robert D. Findley, Sp. Asst. Atty. Gen., Jackson, Miss., for respondents-appellants.

Robert G. Gilder, Southaven, Miss., for petitioner-appellee.

Before CHARLES CLARK, TATE and SAM D. JOHNSON, Circuit Judges.

CHARLES CLARK, Circuit Judge.

The State of Mississippi brought this appeal from the grant of a writ of habeas corpus in favor of William E. Tapp. The case presents two questions concerning the proper interpretation of the double jeopardy clause: (1) whether a state court's explanation that its previous reversal of a criminal conviction was based on "trial error" rather than insufficient evidence permits retrial under *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and (2) whether a state can order that a defendant be resentenced for manslaughter on a conviction for murder in a trial which was improper under *Price v. Georgia*, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970). We answer both questions in the affirmative, and we reverse the district court's grant of habeas corpus relief.

I.

In November 1975, Tapp was indicted for the murder of his wife's two-year-old son by a former marriage. The evidence at trial showed that Tapp abused the boy by beating him, kicking him, and throwing him to the floor, and that the child died of these injuries on the operating table. On the day after the boy's death, Mrs. Tapp left her husband and swore out an affidavit charging Tapp with child abuse. She remained separated from her husband until about 30 days prior to trial, when the couple was reconciled. At the time of trial, the Tapps were living together as man and wife, and Mrs. Tapp was reluctant to implicate Tapp in her son's death. Nevertheless, the prosecution subpoenaed Mrs. Tapp and compelled her to testify against her will. Although the prosecution sought a murder conviction, the jury found Tapp guilty only of manslaughter.

Tapp's conviction was reversed by the Mississippi Supreme Court on the ground that his wife should not have been forced to testify against him. *Cf.* Miss. Code Ann. § 13-1-5 (1972). In the course of its opinion, the court remarked,

[w]ithout the wife's testimony, the record on the first trial of this case would not sustain a conviction. However, since that testimony is incompetent, the case will be reversed and remanded for a new trial upon such other evidence as the State may be able to present.

*Tapp v. State*, 347 So.2d 974, 977 (Miss. 1977). The court remanded the case and Tapp was again indicted and tried for murder, even though the first jury had found him guilty only of manslaughter. By the time of the second trial, Tapp and his wife were divorced, and Mrs. Tapp willingly testified at trial. The jury found Tapp guilty of murder.

Tapp again appealed to the Mississippi Supreme Court, raising two challenges to his second conviction. First, Tapp claimed that the double jeopardy clause barred reprosecution because his first conviction had been reversed for insufficiency of the evidence. *See Burks v. United States*, 437 U.S. 1, 15–16, 98 S.Ct. 2141, 2149, 57 L.Ed.2d 1, 12 (1978); *Greene v. Massey*, 437 U.S. 19, 24, 98 S.Ct. 2151, 2154, 57 L.Ed.2d 15, 20 (1978). The Mississippi court rejected this contention, stating that, in spite of the language used in its earlier opinion, the reversal was based not upon insufficiency of the evidence but upon the trial court's error in compelling Tapp's wife to testify. *Tapp v. State*, 373 So.2d 1029, 1031 (Miss. 1979). Second, relying upon *Price v. Georgia*, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970), Tapp argued that the double

jeopardy clause barred his reprosecution for murder and limited any second prosecution to a charge of manslaughter. The Mississippi Supreme Court agreed that Tapp had been improperly retried for murder. To remedy this error, it remanded the case with directions to the trial court to impose a sentence based on a conviction for manslaughter. 373 So.2d at 1031–32.

Tapp then sought federal habeas corpus. In addition to reasserting the double jeopardy claims made to the Mississippi Supreme Court, Tapp's petition for habeas maintained that he could not be resentenced for manslaughter on his second conviction because the second jury had been prejudiced by the improper murder charge. The United States Magistrate granted the relief sought, and the district court adopted his recommendation.

## II.

In *Burks v. United States*, 437 U.S. 1, 15–16, 98 S.Ct. 2141, 2149, 57 L.Ed.2d 1, 12 (1978), the Supreme Court held that the double jeopardy clause forbids retrial when the trial court or a reviewing court finds the evidence against the defendant insufficient to support a conviction. The Supreme Court recently has reiterated this principle in *Hudson v. Louisiana*, 450 U.S. 40–44, 101 S.Ct. 970–972, 67 L.Ed.2d 30, 33 (1981). Under the *Burks* line of cases, however, reversal for insufficient evidence is to be distinguished from reversal for trial error. The Court made clear in *Burks* and its companion case, *Greene v. Massey*, 437 U.S. 19, 25–26, 98 S.Ct. 2151, 2155, 57 L.Ed.2d 15, 22 (1978), that where convictions are based on errors made in the course of the trial rather than on the government's failure to offer sufficient proof to sustain the conviction, the double jeopardy clause does not preclude retrial. Neither *Greene* nor *Burks* decided the more difficult question whether a second trial is improper when the *legally competent* evidence at the first trial was insufficient to sustain a conviction. *See Greene v. Massey, supra,* 437 U.S. at 26 & n.9, 98 S.Ct. at 2155 & n.9, 57 L.Ed.2d at 22 & n.9.

■ Tapp seeks to raisé in this case the issue pretermitted in *Burks* and *Greene.* He notes the Mississippi Supreme Court's statement that "[w]ithout the wife's testimony, the record on the first trial of this case would not sustain a conviction", *Tapp v. State, supra,* 347 So.2d at 977, and concludes that his conviction was reversed because the legally competent evidence was insufficient. In remanding Tapp's case for the second time, however, the Mississippi Supreme Court observed that the first reversal "was based on trial error and not insufficiency of evidence". *Tapp v. State,* 373 So.2d 1029, 1031 (Miss.1979). Under Fifth Circuit precedent in *Greene v. Massey,* this dictum is conclusive evidence that the first reversal was based on trial error. The Supreme Court remanded *Greene* to this court because it was not clear whether the Florida Supreme Court had reversed Greene's conviction for trial error or for evidentiary insufficiency. *See Greene v. Massey, supra,* 437 U.S. at 26–27, 98 S.Ct. at 2155, 57 L.Ed.2d at 21. To resolve all doubts as to the proper interpretation of the state opinion, we certified the case to the Florida Supreme Court. *See Greene v. Massey,* 595 F.2d 221, 224 (5th Cir. 1979) ("[s]ince no one is better equipped to interpret its decision than the Court that rendered it, we find that this case is one that is particularly appropriate for certification.") Following *Greene,* we also defer to the state court's characterization of its previous opinion. Because the Mississippi Supreme Court made clear that Tapp's first conviction was reversed for trial error, the issue pretermitted by *Burks* and *Greene* is not presented in this case, and Tapp's second trial was not precluded by the double jeopardy clause.

## III.

■ Citing *Price v. Georgia,* 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970), the district court also held that the double jeopardy clause was violated when the Mississippi Supreme Court remanded Tapp's murder conviction with instructions that Tapp be sentenced for manslaughter. In *Price,*

as in this case, the defendant was retried for murder after a previous murder trial in which he had been convicted of manslaughter. In *Price*, however, the second jury again convicted the defendant only of manslaughter, and the Supreme Court held that the second conviction was forbidden by the double jeopardy clause. 398 U.S. at 331, 90 S.Ct. at 1762, 26 L.Ed.2d at 306. *Price* required no showing of actual prejudice because of the serious risk that reprosecution for murder might have led the second jury to compromise by convicting the defendant of the lesser included offense of manslaughter rather than acquitting him of murder. *Id.*

This concern over possible jury compromise is not relevant to Tapp's reprosecution. Tapp concedes, as he must, that *Price* would permit his retrial on a manslaughter charge. *See* 398 U.S. at 327, 90 S.Ct. at 1760, 26 L.Ed.2d at 304. But the crime of manslaughter is identical to murder except for the degree of culpability required. Murder is homicide committed by "deliberate design" or with a "depraved heart." *See* Miss. Code Ann. § 97–3–19 (1972). Manslaughter is homicide committed without malice. *See* Miss. Code Ann. §§ 97–3–25 through 93–3–47. The jury's verdict that Tapp was guilty of murder means *a fortiori* that the jury considered Tapp guilty of the lesser included offense of manslaughter as well. Thus, the possibility of prejudicial jury compromise is simply absent from this case. Moreover, there is nothing to suggest that the Mississippi Supreme Court was swayed by the presence of a murder charge which it recognized to be barred by the double jeopardy clause. The court's remand for resentencing on the lesser included manslaughter offense was a common sense solution to the problem of avoiding yet another trial for prosecution and defense. It was in no way inconsistent with the double jeopardy clause. *Accord, Graham v. Smith*, 602 F.2d 1078, 1082 (2d Cir. 1979); *Pacelli v. United States*, 588 F.2d 360, 366 (2d Cir. 1978).

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

The order of the district court is reversed and the cause is remanded with directions to dismiss the petition for a writ of habeas corpus.

REVERSED AND REMANDED.