**Reynoldsburg**
**v.**
**Eichenberger**
*[Cite as 2 AOA 226]*

*Case No. CA-3492*
*Licking County, (5th)*
*Decided May 11, 1990*

*R.C. 2317.02*
*R.C. 2919.25*
*R.C. 2929.26*
*R.C. 2929.27*
*R.C. 2945.42*

*Thomas C. Callahan, 7534 Slate Ridge Blvd., Reynoldsburg, Ohio 43068, For Plaintiff-Appellee.*

*Raymond L. Eichenberger, 1418 Brice Road, Reynoldsburg, Ohio 43068, For Defendant-Appellant.*

SMART, J.

This is an appeal from a judgment of the Municipal Court of Licking County, Ohio, that

convicted and sentenced defendant-appellant, Raymond L. Eichenberger (appellant), on a jury verdict of guilty of violating a protective order entered by the court pursuant to R.C 2919.26.

Appellant was originally charged with domestic violence in an incident involving his wife. The trial court issued a temporary protective order against appellant. That order prohibited appellant from visiting or approaching his family or household members including their place of residence, employment, or school without the consent of the court.

Several days after this order was filed, appellant was arrested outside the marital home after his wife called the police. Appellant was convicted of violating the protective order, but the charge of domestic violence was dismissed at the wife's request. This appeal ensued.

Appellant assigns five errors to the trial court:

I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND VIOLATED PUBLIC POLICY IN REFUSING TO DISMISS THE CHARGES AGAINST THE DEFENDANT AT THE REQUEST OF THE DEFENDANT'S SPOUSE, THE COMPLAINING WITNESS.

II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN PERMITTING OFFICER AULT TO TESTIFY AT TRIAL AS TO THE HEARSAY STATEMENTS OF THE DEFENDANT'S WIFE.

III. THE TRIAL TESTIMONY OF THE DEFENDANT'S WIFE WAS VIOLATIVE OF SPOUSAL PRIVILEGE, O.R.C. 2317.02, AND SHOULD NOT HAVE BEEN PERMITTED BY THE TRIAL COURT IN THAT DEFENDANT'S WIFE DID NOT KNOWINGLY AND VOLUNTARILY WAIVE THE PRIVILEGE.

IV. THE TEMPORARY PROTECTION ORDER WAS VOID AS A MATTER OF LAW AB INITIO DUE TO VAGUENESS AND NON-COMPLIANCE WITH O.R.C. 2919.26

V. THE TEMPORARY PROTECTION ORDER IN THIS CASE WAS VOID AND INVALID DUE TO THE FACT THAT NO MOTION WAS EVER MADE FOR THE SAME AND THAT IT WAS NOT A PRE-TRIAL CONDITION OF RELEASE.

I

In his first assignment of error, appellant asserts that the trial court erred as a matter of law in refusing to dismiss the charge of violating the temporary protective order at the wife's request. The evidence indicates that at the time of trial the parties were attempting to reconcile their differences. The trial court dismissed the domestic violence charge but refused to dismiss the charge relating to the violation of the court order.

Appellant urges that the primary goal of the State in cases such as this must be to encourage marital tranquility and the preservation of the marital relationship.

In the case of *State v. Antill* (1964), 176 Ohio St. 61, our Supreme Court weighed the conflicting interests that the state must protect, and said:

"The injured spouse is permitted to testify in order that he or she will not be exposed to personal injury without having a remedy. However, where, as here, the facts constitute a crime, his or her right to testify also ensures that the public will not suffer an offense without a remedy. The wrongdoer not only injures his spouse but he also injures the public, and it is for his offense against the public that he is subject to criminal prosection. When the injured spouse is a witness for the state his competency cannot be affected by his desires or fears. He must testify to protect the public. *Turner v. State* (1882), 60 Miss., 351, 45 Am. Rep., 412.

"* * *

"In some instances, the law feels that another interest is sufficiently important to warrant an exception to this duty to give testimony. Thus, to promote marital peace there is a privilege not to disclose in court confidential communications between husband and wife. However, the basis for this privilege is lacking where a person is tried for assaulting his spouse.

"* * * it is an overgenerous assumption that the wife who has been beaten, poisoned or deserted is still on such terms of delicate good feeling with her spouse that her testimony must not be enforced lest the iridescent halo of peace be dispelled by the breath of disparaging testimony. And if there were, conceivably, any such peace, would it be a peace such as the law could desire to protect? Could it be any other peace that which the tyrant secures for himself by oppression?" 8 Wigmore, Evidence (1961), 242, 243 Section 2239.

*Antill*, at 63-64.

Here, the issue is somewhat different from the issue the Supreme Court was addressing in *Antill*. The proceedings here are to punish appellant, who is a licensed attorney sworn as

an officer of the court, for purposely violating an order of the court. The trial court, in fact, found that he had committed at least 30 separate violations of the order in approximately 6 days. Such actions on the part of an ordinary citizen would be serious indeed; on the part of an attorney, they are reprehensible.

It is axiomatic that a court has the power to enforce its own orders and to punish violations of them. Our legislature enacted a series of statutes, both in Title 29, the criminal section, and in Title 31, the domestic relations section, in order to deal with this growing problem.

The first assignment of error is overruled.

## II

In the State's case-in-chief, the arresting officers testified regarding what the wife had allegedly said to the appellant. The officers' testimony was based upon oral statements made to police by the wife at the scene, and upon a sworn written statement she gave to them. The testimony was given during redirect, after counsel for appellant had questioned the officers regarding whether they had ascertained that appellant's wife had given him permission to come to the home. No objection was made to the officers' testimony except to the use of the "harassment" to describe appellant's behavior towards his wife.

The record is clear that appellant admitted that he went to the marital residence. It was irrelevant whether appellant's wife gave her consent or not, because only the trial court could give appellant permission. Appellant's own testimony would have sufficed to support this conviction.

The prosecution also called the wife, who corroborated the statements of the police officer. No objection was made to her testimony. See *infra*, III.

The second assignment of error is overruled.

## III

In this third assignment of error, appellant urges that his wife's testimony was barred under the doctrine of spousal privilege, R.C. 2317.02.

R.C. 2945.42 authorizes a person to testify against his or her spouse in actions brought under R.C. 2919.25. This action was brought under R.C. 2919.27.

We find that the clear intent of the legislature was to permit the trial court to enter temporary protective orders pursuant to R.C. 2919.26, and to punish their violation pursuant to R.C. 2919.27. To permit a spouse to testify in

an action under R.C. 2919.25, but not under its companion statute of R.C. 2919.27, would emasculate the domestic violence legislation and offend the clear legislative purpose in enacting the entire sections. See *Antill, supra.*

Further, appellant did not object to wife's testimony, and in fact he asserts that he permitted her to testify without objection as a result of trial strategy. Appellant wanted his wife to testify in order to "ameliorate the arresting officer's testimony" that she had not given appellant permission to come to the marital residence on the date of his arrest. (Appellant's brief at 9.)

The third assignment of error is overruled.

## IV

In his fourth assignment of error, appellant suggests that the temporary protective order was void because it did not comply with R.C. 2919.26.

R.C. 2919.26 states in pertinent part:

"(C) As soon as possible after the filing of a motion that requests the issuance of a temporary protection order, but not later than twenty-four hours after the filing of the motion, the court shall conduct a hearing to determine whether to issue the order. The person who requested the order shall appear before the court and provide the court with the information that it requests concerning the basis of the motion. If the court finds that the safety and protection of the complainant or other family or household member of the alleged offender may be impaired by the continued presence of the alleged offender, the court may issue a temporary protection order, as a pretrial condition of release, that contains terms designed to ensure the safety and protection of the complainant or family or household member, including a requirement that the alleged offender refrain from entering the residence, school, business, or place of employment of the complainant or family or household member.

"(D)(1) Upon the filing of a complaint that alleges a violation of section 2919.25 of the Revised Code, the court, upon its own motion, may issue a temporary protection order as a pretrial condition of release if it finds that the safety and protection of the complainant or the family or household member of the alleged offender may be impaired by the continued presence of the alleged offender."

We find that the temporary protective order was couched in definite terms, designed to ensure the safety and protection of appellant's

wife and child, and for this reason the order complied substantially with the statute.

The fourth assignment of error is overruled.

## V

In his final assignment of error, appellant urges that the temporary protective order was void because the trial court did not follow the statute in issuing it.

The order was issued *sua ponte,* not on a motion by wife or by the State. Appellant was obviously never served with a motion for a temporary protective order prior to the hearing. Appellant also asserts that the temporary protective order was not entered as a pretrial condition of release.

The statute clearly permits the trial court to issue a temporary order on its own motion. We find that this temporary protective order was issued as a pretrial condition of release. The order was issued after a hearing was held upon a motion to revoke bond and because the trial court had found that appellant had disobeyed the previous conditions repeatedly. Appellant was present during the evidentiary hearing. We find it is irrelevant that this may not have been the initial order issued as a pretrial condition of release. The trial court had the option of incarcerating appellant or of releasing him, subject to either the conditions that he had already set, or under new or modified conditions.

Finally, appellant cannot prevail after he deliberately disobeyed this order, even if we subsequently find it to be invalid. An order of the court must be obeyed unless and until a court finds it is invalid or rescinds it, *In re White* (1978), 60 Ohio App. 2d 62, citing *U.S. v. United Mine Workers of America* (1947), 330 U.S. 258.

The fifth assignment of error is overruled.

For the foregoing reasons, the judgment of the Municipal Court of Licking County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.

*Judgment affirmed.*

MILLIGAN, P.J. and HOFFMAN, J. Concur.